No. 24,608.

THE STATE OF KANSAS, *Appellee*, v. SAM SWEEZER, *Appellant*.

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Persistent Violator—Qualifications of Justice of the Peace— Evidence.* In a prosecution of one charged with being a persistent violator of the prohibitory liquor law, where the evidence shows that the previous conviction was before a justice of the peace, the state is not required to introduce the records showing the nomination, election, and qualification of the justice of the peace.

2. SAME—*Former Conviction—Admission of Defendant—Instruction.* In a criminal prosecution where the state offers evidence tending to establish a material element of the offense, and the defendant takes the witness stand and in his testimony admits all the facts necessary to establish the element of the offense in question, it is not error for the court to tell the jury in his instructions that the defendant has admitted that element of the offense, and that they should have no trouble in reaching a determination on that element of the offense.

3. SAME. Evidence examined, and held sufficient to support the verdict.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed February 10, 1923. Affirmed.

*Edward T. Riling,* and *John J. Riling,* both of Lawrence, for the appellant.

*Richard J. Hopkins,* attorney-general, and *A. B. Mitchell,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was tried to a jury and found guilty of the violation of section 5541 of the General Statutes of 1915, which reads as follows:

"Any person who, having once been duly convicted of violations of the prohibitory law and who shall thereafter, directly or indirectly, violate the provisions of the prohibitory liquor law, shall be considered a persistent violator of the prohibitory law and shall be deemed guilty of a felony, . . ."

Appellant contends that there was not sufficient evidence of the prior conviction necessary in such case, and hence that there was not sufficient evidence to sustain the verdict. The state claims that the prior conviction was before R. C. Manley, a justice of the peace at Lawrence. Manley was called as a witness and testified that he was a justice of the peace in September, 1921; that the defendant was charged before him with having intoxicating liquors

unlawfully in his possession, and that on September 6, 1921, defendant, with his attorney, appeared before him and withdrew a plea of not guilty previously made to such complaint, and entered a plea of guilty, and was sentenced to pay a fine, of $100 and costs, and to serve thirty days in jail. All of this testimony was given without objection, so far as the abstract shows. The state then offered in evidence the record of the justice of the peace showing such plea and sentence. That was objected to, and in the argument over the objection, the transcript does not show that the objection was ever passed upon or the exhibit received in evidence. In view of the fact that the witness was permitted to testify to the proceedings without objection, it cannot be said there was no evidence on that question, even though the record itself was not received in evidence.

Appellant contends that there was not a sufficient showing that Manley was a justice of the peace at that time, that is, that his certificate of election and his oath and bond of qualifications were not shown. This was not necessary. He testified he was justice of the peace at that time, and, as a matter of fact, if he were acting as justice of the peace, performing the duties of the office, he would be regarded in a collateral attack as a *de facto* officer, without regard to the regularity of the instrument showing his election and qualification.

The appellant took the witness stand in his own behalf and testified, among other things, that he had entered a plea of guilty in the justice court, before Mr. Manley, to having liquor in his possession. The court instructed the jury:

"You are advised that if you find it to be a fact beyond a reasonable doubt that the defendant was convicted or plead guilty to a violation of the intoxicating liquor statute of this state before a justice of the peace, in the city of Lawrence, such conviction or plea of guilty constitutes the previous conviction required by the law first quoted to you, before a conviction under that case can be had. The defendant admits, however, that he entered a plea of guilty to a violation of the intoxicating liquor law, so you will not be bothered with having to determine with reference to a former conviction."

Appellant complains of the last sentence in this instruction as being an invasion of the court of the province of the jury to pass upon the evidence. Where one party to a lawsuit contends a certain fact is necessary to be established, and offers evidence on the question, and the defendant himself, on the witness stand, admits or testifies to the fact charged, it is not error for the court to say

in his instructions that the fact is admitted and is no longer in controversy. In fact, it would appear that such an instruction would tend to eliminate from the consideration of the jury uncontroverted facts and enable them better to give their attention to facts over which there is some dispute.

It is one of the contentions of the appellant in this case that the liquid he had in his possession at the time of his arrest was not intoxicating liquor, as charged by the state, but was a preparation purchased for use for bathing purposes. The liquid was analyzed by Professor Werner, a chemist at the State University, and he testified that he found the liquid contained 37.05 per cent of ethyl alcohol, which is the kind of alcohol used as a beverage; that it contained no denatured alcohol or wood alcohol, nor any perfume, or extract of witch hazel, or anything that had an odor; that he tested it for sweet oil, the pyridin and acids and wood alcohol; that he did not test it for those properties put in a preparation commonly called bathing alcohol. Later in the day he was recalled as a witness, and stated that no ingredients were present in the liquid which would make it a bathing solution, and that he had made no further analysis since his prior testimony. His testimony differed from that given in the morning as to whether or not the liquid was a bathing solution. Appellant contends that because of this variance in the testimony of this witness, he ought not to be sent to the penitentiary on such testimony. Conceding for the purpose of the argument that the variance is as pronounced as claimed by appellant, and that it is subject to just criticism for that reason, still it was all before the jury and the trial court, together with the other evidence offered in the case, and it formed a sufficient basis for the jury to find that the liquid contained a large per cent of alcohol of the kind used as a beverage.

Finding no error in the case, the decision of the court below is affirmed.

HOPKINS, J., not sitting.