### No. 29,118.

THE STATE OF KANSAS, *Appellee*, v. MARK PARKER, *Appellant*.

(281 Pac. 872.)

Opinion filed November 9, 1929.

*W. S. Hyatt,* of Parsons, for the appellant.

*William A. Smith,* attorney-general, *Charles H. Cory,* county attorney, and *J. M. Hewitt,* of Oswego, assistant county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of persistent violation of the liquor law, and appeals.

The information, sufficiency of which was not challenged, was verified positively by the county attorney. Defendant filed a motion to quash on the ground that the information was not properly verified. The information was properly verified, but to satisfy defendant, the county attorney amended the verification to read "to the best of my knowledge, information and belief. So help me God." Below the original verification appears the following:

"Reverified on this date before me.
May 8th, 1929. (Seal.) H. F. WELTON, *Clerk Dist. Court.*"

A second motion to quash was filed. The first ground was that the amendment was made without leave of court. Leave of court was not necessary since the amendment was made in open court before plea, but defendant's abstract shows the amendment was made by permission of the court. The second ground was that the information was not sworn to as provided by law. The county attorney was resworn—there is no contention he was not resworn—and the mere fact that the clerk's jurat is informal is of no conse-

quence. The third ground was that the information was not marked "Amended," which is trivial. The fourth ground was that the information was not refiled. It had not been out of the files.

The information contained two counts. The first count charged possession and former conviction, and the second count charged nuisance and former conviction. Defendant complains that testimony was admitted concerning general reputation of the premises described in the second count, and complains of instruction to the jury pertaining to that count. The court limited consideration of the evidence concerning general reputation to its bearing on the second count, and defendant was acquitted on that count.

Defendant complains there was no evidence that the justice of the peace before whom defendant was convicted the first time was a duly elected, qualified and acting justice of the peace. The previous conviction was duly shown, and this court has held the state was not required to prove official character of the justice of the peace. (*State v. Sweezer,* 112 Kan. 818, 212 Pac. 661.)

Other claims of error have been considered, and the appeal is dismissed for lack of merit.