THE STATE OF KANSAS v. HAROLD CHILD *et al.*

1. NOLLE PROSEQUI — *No Bar.*  The mere entry of a *nolle prosequi*, or the dismissal of an indictment, with the consent of the court, is no bar to the filing of another indictment or information for the same offense.

2. PROSECUTION — *Computation of Time.*  Where a prosecution fails, on account of a defective indictment or information, the time during which it is pending is not to be computed as a part of the time limited for prosecution, and the accused, after the *nolle* or dismissal of an indictment or information, may, within the time prescribed, be again proceeded against for the same offense.

3. STATUTE OF LIMITATIONS — *When Inoperative.*  The failure of a defect-ive indictment or information and the presentation of a new and correct indictment or information after the statute has begun to run, does not revive the statute.    The statute of limitations is put aside by the presentation and filing of an indictment against a defendant, and remains silent until the legal proceedings thereon are terminated. If a defective indictment is nolled or dismissed, with consent of the court, and an information is filed charging the defendant with the same offense, the information continues the legal proceedings which

were commenced by the presentation and filing of the original in-
dictment.

*Appeal from Chautauqua District Court.*

THE case is stated in the opinion.

*L. B. Kellogg*, attorney general, and *J. D. McBrian*, county
attorney, for The State.

*W. S. Fitzpatrick*, *Chas. J. Peckham*, and *Dan Carr*,
contra.

The opinion of the court was delivered by

HORTON, C. J.: On April 2, 1888, Harold Child and Lee
Bowman were indicted for assault with a deadly weapon upon
Willie Watson. The offense charged was committed on
November 18, 1887. Trial was had upon the indictment,
and a conviction had at the June term, 1888. At the Jan-
uary term, 1889, of this court, the judgment was reversed,
and the case remanded for a new trial. (40 Kas. 482.) At
the March term, 1889, the defendants were again tried in the
district court, and a second conviction obtained. A second
appeal was taken to this court, and at the July term, 1889,
the second judgment of conviction was reversed, and the case
remanded for further proceedings. (42 Kas. 611.)

The indictment was pending against the defendants from
the 2d day of April, 1888, until the 25th day of February,
1890, at which time the county attorney, with the permission
of the court, entered a *nolle prosequi* without prejudice to his
right to file an information against the defendants for the same
offense. On that date an information was filed against the
defendants for the same offense, and this information was
amended on the 4th day of March, 1890. The information
was filed more than two years after the commission of the of-
fense charged, but recited the finding of the indictment against
the defendants of the 2d of April, 1888, and the pendency of
that indictment until a *nolle prosequi* was entered on the 25th
of February, 1890. The district court quashed the amended
information, upon the ground that it did not show the com-

mission of any public offense within the statutory limitation of two years.

Under the statute, the prosecution for an offense charged in the information must be commenced within two years after its commission. (Gen. Stat. of 1889, ¶ 5095.) But where any indictment or information is quashed, set aside, or judgment reversed, the time during which the same was pending shall not be computed as a part of the time of the limitation prescribed for the offense. (Gen. Stat. of 1889, ¶ 5097.) It is immaterial whether the indictment or information is quashed, set aside, nolled, or the judgment reversed. The accused, for such action, may, within the time prescribed, be again proceeded against for the same offense. (*The State v. Curtis*, 29 Kas. 384; *The State v. Rust*, 31 id. 509; *The State v. McKinney*, 31 id. 570; Whar. Cr. Pl., § 325; *Gill v. The State*, 38 Ark. 524; *Bube v. The State*, 76 Ala. 73; *Commonwealth v. Sheriff*, 3 Brewst. 394; *The State v. Johnson*, 5 Jones [N. C.] 221; *The State v. Duclos*, 35 Mo. 237; *The State, ex rel., v. Primm*, 61 id. 166; *The State v. Owen*, 78 id. 367.)

In the Primm case, in 61 Mo., an indictment was found within the statutory time, and at the convening of the court a *nolle prosequi* was entered by reason of the defects found in the indictment. Afterward, and at the time beyond that provided in the statute of limitations, a second indictment was found against the defendant for the same offense. The defendant contended that inasmuch as the former indictment was neither quashed nor reversed, that the state was not entitled to the benefit of the statute in extending the period of limitation. The court held that there was no substantial difference between the entering of the *nolle* and the quashing or setting aside of an indictment by reason of its defects, and that the statute was applicable. Therefore, under the statute and the authorities, if a new indictment had been returned and filed against the defendants on February 25, 1890, it would have been presented within time. In the place of a new indictment the prosecution filed a complaint charging the same offense alleged in the indictment, and thereupon a pre-

liminary examination was had, and thereafter the information was filed and subsequently amended.    The information took the place of another indictment, and was only a continuation of the legal proceedings against the defendants commenced April 2, 1888.    The statute of limitations, as to the particular offense charged, was put aside by the commencment of the legal proceedings on April 2, 1888, and remained silent until those legal proceedings terminated.

As the information filed against the defendants on February 25, 1890, continued the legal proceedings before that time commenced, the statute of limitations had not run, because the time during which the indictment was pending cannot be computed as a part of the time limited for the prosecution. The ruling of the court in quashing the information was therefore erroneous.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.