THE STATE OF KANSAS V. MAURICE E. WATERMAN.

No. 14,914    (88 Pac. 1074.)

SYLLABUS BY THE COURT.

1. INFORMATION—*Averments to Avoid Statute of Limitations—Warrant Issued before Statute Had Run.* A criminal information filed after the time limited by statute for the commencement of the action need not allege the facts relied upon to take the case out of the statute, where the warrant was issued in good faith and was placed in the hands of an officer to be executed before, but the arrest was not made until after, the statutory period.

2. SEDUCTION—*Promise of Marriage—Circumstantial Evidence in Corroboration.* The corroborative testimony of the promise of marriage required by section 2021 of the General Statutes of 1901 in prosecutions under that section may consist of circumstantial as well as of direct evidence. The fact that the parties kept company for a considerable time, were frequently together, and conducted themselves as lovers usually do, may, with other circumstances, be sufficient to satisfy the jury of the truth of the testimony of the woman. When there is other testimony its sufficiency is for the jury to determine.

3. ——— *Circumstantial Evidence that the Prosecuting Witness Was Unmarried.* In prosecutions under the section referred to the fact that the woman was unmarried at the time the offense was committed may be established by circumstances in evidence. That she lived with her parents under her maiden name and received the attentions of defendant as a suitor are circumstances tending to prove the fact. The evidence in this case examined and held sufficient to support the finding that the prosecuting witness was an unmarried woman.

4. ——— *Instructions—Promise of Marriage Made Subsequently to the Offense.* An instruction which permitted the jury to consider a promise of marriage made subsequently to the alleged offense, at a time when the immoral relations between the parties continued, but which informed the jury that such evidence could only be considered as a circumstance in the case to prove the former promise, if any was made, held not prejudicial.

Appeal from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed February 9, 1907. Affirmed.

*C. C. Coleman,* attorney-general, and *E. L. Burton,* county attorney, for The State; *W. S. Hyatt,* of counsel.

*Francis M. Brady,* for appellant.

The opinion of the court was delivered by

Porter, J.: Appellant seeks to reverse a judgment of the district court by which he was convicted of the crime of obtaining illicit connection, under a promise of marriage, with a female of good repute under twenty-one years of age, in violation of section 2021 of the General Statutes of 1901. The information was filed October 25, 1904, and charged that the offense was committed in June, 1902. The testimony of the prosecuting witness was that it occurred June 8, 1902.

It is first contended that because the information contained no averments that would avoid the two-year statute of limitation it failed to state a criminal offense. The record discloses that the complaint was filed before a justice of the peace on the 18th day of September, 1903; that a warrant was issued on the same day and was placed in the hands of the sheriff. The arrest was made in Oklahoma, in September, 1904, and the appellant consented to be taken back to Labette county under the warrant. It appears, therefore, that the state was proceeding upon the theory that the prosecution was commenced, not at the time the information was filed, but when the warrant was issued, which was within the two years. This being the case, it was not necessary for the information to contain any averments showing the absence of appellant from the state. It is only where no warrant has been issued within two years after the offense has been committed that the information must state the facts which are relied upon to avoid the statute. We have no statute which declares what shall be deemed the beginning of a criminal action. It was expressly decided, however, in *In re Clyne, Petitioner,* 52 Kan. 441, 35 Pac. 23, as follows:

"A criminal prosecution is commenced when a war-

The State v. Waterman.

rant is duly issued and placed in the hands of a proper officer to be executed in good faith and with due diligence, and if so issued within the time limited by law for the commencement of such criminal prosecution, and executed thereafter without unnecessary delay, even though the arrest be made after the statutory limitation has run, the prosecution will still be deemed to have been commenced in time." (Syllabus. To the same effect see *In re Griffith, Petitioner,* 35 Kan. 377, 381, 11 Pac. 174; 19 A. & E. Encycl. of L. 166.)

The information stated an offense within the statutory period. In other words, where it appears that the warrant was issued within the statutory time the presumption of law follows that the officer performed his full duty in the premises.

The appellant insists that there was no evidence of a promise of marriage except the testimony of the prosecuting witness. The statute under which he was convicted contains the following proviso: "That the testimony of the woman alone shall not be sufficient evidence of a promise of marriage." (Gen. Stat. 1901, § 2021.) It is argued that it was the intention of the statute that the fact of such promise must be known by other persons or that the parties must have so conducted themselves as to lead their friends and relatives to understand that there existed an agreement to marry.

It is universally recognized that the charge that intercourse has taken place is easily made and hard to disprove. The gist of the offense under this statute is obtaining intercourse under promise of marriage. The purpose of this provision is obviously to prevent unjust convictions which might readily follow if the mere unsupported statement of the woman were held sufficient to prove the promise. The charge might be made in a case where the parties, so far as their friends and relatives were aware, had never kept company, or even been together, before the commission of the alleged offense.

In *Creighton v. The State,* 41 Tex. Crim. Rep. 101,

51 S. W. 910, 61 S. W. 492, the court held that the corroborative testimony to prove the promise of marriage under a similar. statute may be circumstantial evidence tending to prove the promise.

The Iowa supreme court lays down the same general rule in *State v. Smith,* 124 Iowa, 334, 100 N. W. 40, and in *State of Iowa v. Bess,* 109 Iowa, 675, 81 N. W. 152. In the latter case a judgment of conviction was reversed for the reason that the court instructed the jury that if they found that defendant visited the prosecutrix as a suitor that fact would sufficiently corroborate her evidence tending to connect him with the offense. The sufficiency of the circumstances—in other words, the weight of the evidence—must be left for the jury to decide. The error in the instruction was, therefore, plainly evident. Again, in *State of Iowa v. Reinheimer,* 109 Iowa, 624, 80 N. W. 670, it was said:

"We have frequently held that the fact that the parties kept company, and acted as lovers usually do, and other like circumstances, are sufficient to constitute the corroborating evidence necessary to connect the defendant with the offense." (Page 626.)

In the present case there was testimony that defendant and the prosecutrix kept company for about six months before the alleged offense. He called frequently at her home, taking her to church and to entertainments, and driving and walking with her at night. He called to see her and accompanied her somewhere every week, and often twice a week. He was her acknowledged suitor. The girl's mother testified that after his arrest she heard a conversation between them in which defendant said to the prosecuting witness that she could never prove a promise of marriage and asked her whether any one had driven up behind them and heard them talking marriage.

All that the statute requires is that there shall be other evidence to corroborate the woman. It does not attempt to define the character of the corroborating

evidence. It must, of course, be sufficient to satisfy the jury. In the nature of things it must often consist of circumstances. Under the customs which quite generally prevail in this country the fact of an engagement or promise of marriage is often not known to any but the contracting parties, except by inference from circumstances. The promise is made when the parties are by themselves. Evidence, however circumstantial, which shows that they were courting and acting as lovers usually do in the community where they resided and in the circle of society to which they belonged may strongly tend to corroborate the testimony of the woman that there was a promise of marriage. If the jury find such facts and circumstances sufficient to corroborate the statute is satisfied.

There was no positive, direct proof that the prosecuting witness was unmarried when the alleged offense was committed. When defendant was brought back from Oklahoma he was met by numerous neighbors and acquaintances, gathered under the auspices of the Anti Horse-thief Association, and upon their suggestion he consented to marry the prosecuting witness, and the ceremony took place before a justice of the peace, when he immediately deserted his wife. At the trial she was frequently referred to as Arameda Waterman, formerly Arameda Van Bibber. Her parents testified that she was their daughter and while living with them under the latter name was courted and waited upon by defendant. She was referred to in the testimony also as the Van Bibber girl. Moreover, defendant put in evidence a transcript of the testimony of the prosecuting witness on the preliminary examination before the marriage, in which she testified that she was an unmarried woman. We think there was sufficient testimony to establish the fact that she was unmarried at the time of the offense. In the case of

17—75 KAN.

*State v. Heatherton,* 60 Iowa, 175, 14 N. W. 230, it was said:

"On a trial for the seduction of an unmarried woman evidence which shows that the woman lived with her father and bore his name, that she had received the addresses of the defendant for more than three years, and that a marriage engagement existed between them when the crime was committed, held sufficient to warrant the jury in finding that the woman was unmarried." (Syllabus.)

The supreme court of Missouri, in *State v. Reed,* 153 Mo. 451, 55 S. W. 74, held that keeping company with a girl and the engagement of marriage are sufficient evidence upon which the jury may find that the woman was unmarried.

Complaint is made of the following instruction:

"You are instructed that any promise of the defendant to marry Arameda Van Bibber made after the act of intercourse, if any, will not sustain the charge against the defendant; but such promise, if any such was made, can only be considered by you as a circumstance in the case to prove the former contract or promise, if any was made."

We fail to see how the substantial rights of defendant were prejudiced by this instruction. The jury were told that a subsequent promise could only be considered as a circumstance tending to prove a former one. Relations of the character testified to by the prosecuting witness, once established, are generally continued when opportunity is present; and lovers' vows have ever been a favorite subject for repetition and reiteration.

We find nothing substantial in the other errors complained of. The judgment is affirmed.