No. 33,649

THE STATE OF KANSAS, *Appellee*, v. ALLEN WOOLWORTH, *Appellant*.

(81 P. 2d 43)

Opinion filed July 9, 1938.

*Glenn Porter, Getto McDonald, Dwight S. Wallace* and *William Tinker,* all of Wichita, for the appellant.

*C. V. Beck,* attorney general, *O. R. Stites,* special assistant attorney general, and *Jay Sullivan,* county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: Defendant was convicted of bank robbery. He appeals.

The first point raised by defendant is that the prosecution was barred by the statute of limitations. On this account various procedural steps in the prosecution had prior to the filing of the information on which the trial was had will be noted at the outset.

The bank was robbed on March 1, 1933. A complaint was filed on March 6, 1933, charging defendant with bank robbery. A warrant was issued on this complaint. It was never served. As far as this record disclosed this warrant was lost or misplaced. On February 6, 1935, defendant was arrested within the jurisdiction of the court on an alias warrant. On February 16, 1935, a new complaint was filed against defendant charging the same offense. A warrant was issued on this complaint and served on defendant. On the filing and issuance of this complaint and warrant the prosecution began on March 6, 1933, was abandoned. On February 18, 1935, a preliminary examination was held and defendant was bound over to the district court for trial. On March 12, 1935, defendant was extradited to Nebraska to answer to a charge of bank robbery. This extradition was over the objection of defendant. On September 30, 1935, an information was filed charging defendant with bank robbery. On March 16, 1936, this prosecution was dismissed by the county attorney for lack of evidence. On January 7, 1937, defendant was arrested in California on what purported to be the complaint and warrant filed and issued on March 6, 1933. He was extradited and brought back to Kansas. The basis of this extradition proceedings was the complaint and warrant of March 6, 1933. It should be stated here parenthetically that the question of the regularity of this extradition proceedings is not before us on this appeal. On January 28, 1937, a new complaint was filed charging defendant with bank robbery. A warrant was issued on this complaint. A preliminary examination was given defendant and he was bound over for

trial. On March 1, 1937, an information was filed. Count one of this information alleged that defendant and others named entered the bank with the intent to rob it. Count two alleged that the same persons at the same time and place entered the bank with the intention to rob it and during the perpetration of the robbery made an assault on an officer of the bank. All this was alleged in the first paragraph of the count. The next paragraph of the count contained allegations about the commencement of the prosecution on March 6, 1933; that it had remained pending at all times; that on February 16, 1935, a second prosecution was begun against defendant for the same offense, and that on September 30, 1935, an information was filed; and that this prosecution remained pending at all times until March 16, 1936, when it was dismissed on motion of the county attorney for lack of evidence.

Defendant filed a motion to quash this information for the reason that it showed on its face that it was barred by the statute of limitations; that it showed on its face that it was in violation of section 10 of the bill of rights of the state constitution; that it showed on its face that it was in violation of the sixth amendment to the constitution of the United States; that it showed on its face that it was not filed within the time provided by G. S. 1935, 62-505; that it showed on its face that it was in violation of G. S. 1935, 62-1431 and 62-1432, and for the further reason that the state, by surrendering defendant to Nebraska on March 16, 1935, while defendant was in custody charged with the same offense, lost jurisdiction to try defendant on this charge. Defendant also filed a plea in abatement on the grounds that he had never had a preliminary examination upon the charge set forth in the first and second counts of the information; that he had not waived his right to a preliminary examination and that he was not a fugitive from justice at the time the information was filed.

The trial court conducted a hearing on these two motions and made findings of fact as to the procedural steps substantially as they have been set out in this opinion. In addition, the court found that the statute commenced to run the next day after the bank was robbed and ran until March 6, 1933, when the first complaint was filed, and warrant issued, when the running of the statute stopped, and was held in abeyance until March 12, 1935, when defendant was surrendered to Nebraska, and that on that day the statute commenced to run and was not tolled until January 29, 1937. Calcula-

tion discloses that if the above holding is correct the statute only ran a total of one year, ten months, and twenty-five days. G. S. 1935, 62-503, provides that the prosecution must be commenced within two years after the commission of the offense. G. S. 1935, 62-504, provides that if any person who has committed an offense is absent from the state or so conceals himself that process cannot be served upon him, or conceals the fact of the crime, the time of the absence or concealment is not to be included in computing the period of limitation. G. S. 1935, 62-505, provides that where any indictment or information shall be quashed, set aside, or judgment reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense. This statute was construed in *State v. Child,* 44 Kan. 420, 24 Pac. 952. In that case this court held:

"Where a prosecution fails, on account of a defective indictment or information, the time during which it is pending is not to be computed as a part of the time limited for prosecution, and the accused, after the nolle or dismissal of an indictment or information, may, within the time prescribed, be again proceeded against for the same offense." (Syl. ¶ 2.)

The trial court denied the motion to quash and overruled the plea in abatement. The court held, however, that since the state contended that the defendant was a fugitive from justice or concealed himself so that the provisions of G. S. 1935, 62-504, prevented the statute from running, it was essential that this should be pleaded in the information. The state was given permission to file forthwith an amended information. On April 29, 1937, a new information was filed. The first count charged that defendant entered the bank with the intention of robbing it. This count contained no allegations calculated to toll the statute. The second count charged that defendant took from one Jaquith, an officer of the bank, certain money, by putting Jaquith in fear, and charged that the money was the property of the bank. The second paragraph of this count alleged a prosecution was begun against the defendant on March 6, 1933; that the warrant was lost or misplaced; that on February 6, 1935, an alias warrant was issued and filed on the complaint of March 6, 1933; that defendant was arrested on this warrant; that on February 10, 1935, a new prosecution by complaint and warrant was commenced against defendant; that a preliminary hearing was held February 16, 1935, and defendant was bound over; that an information was filed September 30, 1935; that this information was pending until March 16,

1936, when it was dismissed; that on January 27, 1937, a new complaint was filed; that a warrant was issued on this complaint; that a preliminary hearing was held on January 28, 1937, and defendant bound over.

To this amended information the defendant filed an amended plea in abatement on the ground that he had been unlawfully extradited from California; that it was charged in the amended information that the crime was committed on the first day of March, 1933, and that no warrant was ever issued to the sheriff of Lyon county, Kansas, or any other officer qualified to receive said warrant, nor ever placed in the hands of any such officer prior to the 16th day of November, 1936, and that by virtue thereof the prosecution of this action is and was barred by the two-year statute of limitations; that he was not a fugitive from justice at the time he was arrested. The motion to quash this amended information is not furnished this court in the abstract. At any rate the trial court overruled the motion to quash the first count of the information and sustained it as to the second count with the exception of the last paragraph of it, for the reason that the defendant had not been given a preliminary hearing on the offense charged in the second count. This ruling left the charge in the information that defendant, in company with others, entered the bank with the intention of robbing it and the allegations which have been set out detailing the procedural steps leading up to the filing of that particular information. The defendant went to trial on that information.

The first point argued by defendant is that the prosecution was barred by the statute of limitations. Defendant argues that an information filed four years after the commission of the offense that contains no allegations to toll the statute does not state an offense. Defendant realizes the fact that the allegations calculated to toll the statute were left in this information, and argues that these allegations cannot be held to apply to the count of this information that was not quashed because it was never a part of this count and each count must state a complete offense by itself.

There are two answers to this argument. The authorities cited and relied on by defendant to sustain his argument that the allegations relied on by the state to toll the statute should be made a part of each count are all cases where the facts that were stated but once in the information were part of the gravamen of the offense, such as describing the cattle the defendant was charged with stealing, or

an allegation that a child upon whom defendant was charged with committing rape was an infant "above the age of ten and under the age of twelve years." The reason for the rule announced in the above cases is that each count must be complete and certain enough that an acquittal on one count would be a bar to another trial for an offense growing out of the same facts. The allegations as to the tolling of the statute of limitations may be set out in the information in a separate paragraph from any of the charging counts and need be alleged but once in the information. (*Rosenberger v. Commonwealth,* 118 Pa. 77, 11 Atl. 782; see, also, *Thompson v. State,* 54 Miss. 740.) One reason why matter to toll the statute of limitations should be pleaded in the information is that the defendant must be given an opportunity to contest the truth of whatever facts are relied upon by the state. In this case this opportunity was given defendant since, on two or three occasions, he contested the question of whether the prosecution was barred. The court heard him and made findings of fact against the contentions of defendant, as have already been noted in this opinion. This question could be contested by defendant just as well where it was alleged once in the information as though it had been made a part of each count. Especially is this true where each count is simply a different way of characterizing the same act.

The other answer to the contention of defendant, that the information should have been quashed because of the failure of the information to state correctly the matter to toll the statute of limitations, has to do with the contention of defendant that the information showed on its face that the prosecution was barred. A similar contention was made in *State v. Bowman,* 106 Kan. 430, 188 Pac. 242. There the crime was committed on a day in November, 1915. The information was filed more than two years after this date. When the defendant argued that the information disclosed on its face that the prosecution was begun more than two years after the offense charged was committed, on this question this court said:

"It is said the information disclosed on its face that the prosecution was commenced more than two years after the offense charged was committed. This is not true. The information did not disclose, on its face or otherwise, when the prosecution was commenced. The information was a step in the prosecution subsequent to its commencement. The certified transcript of the earlier proceedings was on file in the cause, from which the court took judicial notice of the time when the complaint was filed and the warrant issued." (p. 432.)

The statute in this state requires that the prosecution must be commenced within two years after the commission of the offense. (See G. S. 1935, 62-503.) The prosecution must be deemed commenced when a complaint has been filed and a warrant issued. Where the warrant was issued in good faith and was not served on defendant until more than two years after the commission of the offense, this will not prevent the filing of the complaint and issuing the warrant from tolling the statute. (See *State v. Waterman,* 75 Kan. 253, 88 Pac. 1074.)

We have already set out in this opinion the various proceedings leading up to the filing of the information in this case. G. S. 1935, 62-505, provides as follows:

"Where any indictment or information shall be quashed, set aside, or judgment reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense."

The statute also applies to the entering of an order of dismissal as was done in this case. (See *State v. Child,* 44 Kan. 420, 24 Pac. 952.)

The question with which we are confronted is whether the above statute applies to a situation where the complaint filed immediately after the offense was committed is dismissed before the information is filed.

In the discussion of criminal law generally the words "indictment," "information" and "complaint" are used interchangeably. In *Commonwealth v. Goulet,* 160 Mass. 276, 35 N. E. 780, the court held:

"The courts are not disposed to distinguish that case, but the objection is met by Pub. Sts. c. 200, par. 6, that 'no person shall be held to answer on a second indictment for an offense of which he has been acquitted by a jury upon the facts and merits; but such acquittal may be pleaded by him in bar of any subsequent prosecutions for the same offense, notwithstanding any defect in the form or substance of the indictment on which he was acquitted.' The word indictment in this statute includes complaint." (p. 277.)

See, also, 2 Words and Phrases (2d ser.) 1046. These authorities are in point here. The statute in question applies to complaints as well as informations and indictments. This prosecution was therefore commenced in time. There is abundant evidence in this record that the first complaint was filed and warrant issued in good faith and that the warrant was not served on defendant earlier because he could not be found.

Defendant next argues that the court erred in giving the instruction on the alibi defense of defendant. This instruction was as follows:

"You are further instructed that one of the defenses made by the defendant in this case is what is known in law as an alibi. That is, that defendant was in another place at the time of the commission of the crime.

"This is a proper defense and the defendant is not required to prove an alibi beyond a reasonable doubt, or even by a preponderance of the evidence, it is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, and the attempt of the defendant to prove an alibi does not shift the burden of proof from the prosecution, but the prosecution is bound to prove his presence, beyond a reasonable doubt. An alibi is easy to prove and hard to disprove, and testimony offered to prove this defense should be subjected, like all the other evidence in the case, to rigid scrutiny for the reason that witnesses, even when truthful, may be honestly mistaken of, or forgetful of times and places."

The portion of the above instruction to which defendant takes exception is the last sentence of it. It is the claim of defendant that by giving the instruction with the above language in it the trial court in effect placed the burden of proof on the defendant and that in this instruction the court commented on the evidence.

The first objection is not good for the reason that in the first part of the instruction the trial court instructed the jury that all the defendant had to do by his alibi evidence was to raise a reasonable doubt in the minds of the jury as to his presence in the bank.

Such an instruction has been approved by this court many times. (See *State v. Smith*, 114 Kan. 186, 217 Pac. 307; also, *State v. Wright*, 138 Kan. 31, 23 P. 2d 475.)

As to the complaint that in the instruction the court commented on the evidence, it should be noted that the court told the jury that alibi evidence, like all the other evidence in the case, should be subjected to rigid scrutiny. The instruction amounts to but little more than an instruction to the jury that all the evidence in the case should be subjected to rigid scrutiny.

The legislature of this state has taken cognizance of the difficulty with which the state is confronted. G. S. 1935, 62-1341, was enacted by the legislature at the session of 1935. It provides that where a defendant intends to use the defense of alibi he must give the prosecuting attorney notice of it and the names of the witnesses by which he intends to prove his alibi.

The statute with reference to the instructions given the jury by the trial court is G. S. 1935, 62-1447. It reads as follows:

"The judge must charge the jury in writing and the charge shall be filed among the papers of the cause. In charging the jury he must state to them all matters of law which are necessary for their information in giving their verdict. If he presents the facts of the case, he must inform the jury that they are the exclusive judges of all questions of fact."

Instructions substantially like the one we are considering have been approved. In *People v. Tice*, 115 Mich. 219, 73 N. W. 108, the court held:

"An instruction in a criminal case that the jury should carefully scrutinize any evidence in relation to an alibi, for the reason that an alibi is a defense that is easily proved and hard to disprove, is not erroneous." (Syl. ¶ 1.)

In *Radke v. State*, 107 Ohio St. 399, 140 N. E. 586, the court said:

"Defendant complains that the court erred in its charge on the subject of alibi, particularly in the following sentence: 'An alibi is a defense easily proven and hard to disprove.' It is not unlikely that this language was adopted from one of the many form books on instructions to juries. This language appears in 1 Blashfield's Instructions to Juries (2d ed.), p. 715, sec. 327: 'In some decisions it has been held proper to instruct that "the defense of alibi is one easily manufactured, and jurors are generally and properly advised by the courts to scan the proofs of an alibi with care and caution"; that the jury "are to carefully scrutinize any evidence in relation to an alibi. An alibi is a defense which is easily proved and hard to disprove. Therefore you will be careful and cautious in examining evidence in regard to an alibi."'" (p. 404.)

See, also, 16 C. J. 976; also, *People v. Marcus*, 253 Mich. 410, 235 N. W. 202.

We hold that the instruction was not erroneous.

Defendant next argues that the court erred in an instruction given the jury after it had been deliberating a few hours. The jury had informed the trial court in writing that it had taken nine ballots and failed to agree upon a verdict. The court thereupon gave the following instruction in writing:

"You have been deliberating on this case for sometime and, as I understand from your foreman, so far have been unable to reach a verdict. This is an important lawsuit, both to the state and the defendant, and is expensive to both parties. We would not want to put this county and the defendant to the expense of trying this case over again, if there is any possibility of its being decided by the jury.

"It is important that you should agree upon a verdict if it is possible for your minds to get together upon the question of the guilt or innocence of the defendant, and you should fairly and frankly consider the testimony and the instructions given you by the court in this case, as this lawsuit should be decided by you solely on the law as given to you in the instructions, and the evi-

dence as you have heard it from the witness stand. And if, after further consideration of the case, any of you become satisfied that the position first taken was wrong, then you should not hesitate to yield.

"It has taken three days to try this case and a lot of expense has been incurred on both sides and a lot of expense would be incurred by the state and the defendant on a retrial of this case, and it is desirable and important to the state, as well as the defendant, that you give this case further consideration. However, I do want the jury to distinctly understand that the court has no desire whatever to invade the province of the jury or coerce the will or judgment of any juror, as you are the sole and exclusive judges of the facts in the case and the credibility of the witnesses and the weight and value to be given their testimony, but this being the second trial of this case, and a great expense to the public as well as to the defendant to try it, it is desirable and important that you should agree upon a verdict if it is possible for your minds to come together upon the question of innocence or guilt of the defendant."

Defendant next argues that this instruction was coercive and had the effect of taking away from the jurors the right of independent judgment as to the facts, which each juror was bound to exercise. Many cases are brought to our attention where courts have held that certain instructions were coercive and therefore erroneous.

We have examined these authorities. The instruction given here contained the following paragraph:

"However, I do want the jury to distinctly understand that the court has no desire whatever to invade the province of the jury or coerce the will or judgment of any juror, as you are the sole and exclusive judges of the facts in the case and the credibility of the witnesses and the weight and value to be given their testimony. . . ."

This language indicates that the trial court was making every effort to avoid coercing the jury. Instructions substantially the same as this instruction have been approved in *State v. Rogers,* 56 Kan. 362, 43 Pac. 256; *State v. Garrett,* 57 Kan. 132, 45 Pac. 93; and *State v. Young,* 109 Kan. 526, 200 Pac. 285. See, also, 85 A. L. R. 1427.

Defendant next argues that he did not receive a fair and impartial trial. We have examined the record critically on this point. The case presented some unusual features due to the time that had elapsed since the commission of the crime and the somewhat complicated procedural steps that had been taken. We have concluded that the defendant was afforded an opportunity to present every defense to which he was entitled and that when those defenses were presented they received careful and fair consideration by court and jury.

The judgment of the trial court is affirmed.