No. 38,772

THE STATE OF KANSAS, *Appellant,* v. SIMMON SCHONENBERGER, *Appellee.*

(250 P. 2d 777)

Opinion filed December 6, 1952.

*James N. Snyder,* assistant county attorney, argued the cause, and *Colonel H. Boone,* county attorney, *Harold R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, were with him on the briefs for the appellant.

*Ethan Potter,* of Leavenworth, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is a criminal action in which the state, under authority of G. S. 1949, 62-1703, appeals from rulings and orders of the trial court on questions reserved.

The controlling facts, none of which are in controversy, will be

stated in summarized fashion in order to insure a proper under-standing of the issues involved.

On October 30, 1951, a complaint was filed in the City Court of Leavenworth County, Kansas, charging the defendant with having escaped from the Kansas State Penitentiary on May 9, 1949, while lawfully confined in that institution for a term of less than life, in violation of the provisions of G. S. 1949, 21-732. A warrant was issued and in due course defendant was brought before the judge of such court. Neither the complaint nor the warrant contained allegations avoiding the bar of the statute of limitations (G. S. 1949, 62-503) providing that a prosecution for an offense of such char-acter must be commenced within two years after its commission. After a preliminary examination defendant was held for trial. Sub-sequently, and on January 23, 1952, an information was filed in the district court charging defendant with commission of the offense for which he had been committed for trial. Pertinent portions of such information read:

"That at the said County of Leavenworth, in the State of Kansas, on or about the 9th day of May, A. D. 1949, one Simmon Schonenberger then and there being did unlawfully, wilfully and feloniously and while confined at hard labor at and in the Kansas State Prison at Lansing, Kansas, for a term less than life and while working outside the walls of said prison as a trusty, escape from said prison and from the custody of the officers thereof and without being guilty of breaking such prison. All of which said Simmon Schonenberger did in violation of the laws of Kansas."

When formally arraigned in district court defendant entered a plea of not guilty to the charge contained in the information and the cause came on for trial by a jury. The state then adduced evi-dence establishing the commission of the offense as charged and rested. Defendant then demurred to the evidence and asked for his release on the ground the charge as filed and described in the information was barred by the statute of limitations, pointing out in support thereof that the information failed to charge and the state had failed to prove facts sufficient to avoid the bar of the statute. Thereupon the state moved to amend the information to allege the tolling of the statute and to reopen its case for the pur-pose of adducing evidence showing such statute had been tolled by reason of the fact (See G. S. 1949, 62-504) defendant had been absent from the state or concealed himself so that process could not be served upon him during practically all of the interim be-tween the date on which he committed the offense and the date on which the complaint charging him with the commission thereof

had been filed. After some colloquy between court and counsel the trial court overruled the state's motions, sustained the demurrer and motion of defendant, brought in the jury, directed a verdict acquitting the defendant, and when it was rendered discharged the jury.

Approximately a week after the jury had been discharged the state filed an amended information, concededly containing allegations of facts sufficient to toll the statute of limitations, with the clerk of the district court together with a motion requesting an order authorizing the filing of such information and directing a retrial of the defendant thereon. In due time the trial court overruled this motion and discharged the defendant. Thereupon the state perfected this appeal and now claims the trial court erred in overruling its motion to amend the information and to reopen its case, in denying its motion to authorize the filing of the amended information, and in discharging the defendant.

What has been heretofore related makes it apparent the all decisive question involved on appellate review is whether under the existing conditions and circumstances the fact the information failed to contain allegations of fact sufficient to avoid the bar of the statute of limitations made that pleading so defective it was not susceptible of amendment over the appellee's objection. Otherwise stated where—as here—it is conceded the prosecution for an offense, such as is now involved, was not commenced until more than two years after it was committed can an information which shows on its face the offense therein charged is barred by the statute be amended after the trial has commenced over the objection of the defendant by the inclusion of allegations which toll the force and effect of such statute.

The parties have failed to cite and an extended review of our own cases has failed to reveal any decisions in this jurisdiction where the foregoing issue has been squarely presented and determined. However, although the subject was not directly involved, we are not without decisions which definitely indicate it has long been our view the involved information should have contained allegations disclosing the statute had been tolled.

In *The State v. Waterman*, 75 Kan. 253, 88 Pac. 1074, the defendant was convicted of a felony. On appeal it was contended that because the information contained no averments that would avoid the two year statute of limitations it failed to state a criminal offense.

We affirmed the judgment of conviction on the ground the record disclosed the complaint was filed within two years from the date of the commission of the offense but in so holding we said:

". . . It appears, therefore, that the state was proceeding upon the theory that the prosecution was commenced, not at the time the information was filed, but when the warrant was issued, which was within the two years. This being the case, it was not necessary for the information to contain any averments showing the absence of appellant from the state. *It is only where no warrant has been issued within two years after the offense has been committed that the information must state the facts which are relied upon to avoid the statute. . . ."* (Emphasis supplied.)

*The State v. White,* 76 Kan. 654, 92 Pac. 829, was a case wherein the defendant was convicted of grand larceny. When the case reached this court on appeal it was argued the face of the information disclosed the fact the prosecution was barred by the statute of limitations, hence the judgment of conviction was erroneous. We rejected that argument and affirmed the case, notwithstanding the information failed to contain allegations showing the statute had been tolled, on the basis it appeared from the record that the prosecution had been commenced within two years from the date of the commission of the involved offense. In doing so we said:

". . . It has been decided that the commencement of a criminal proceeding does not date from the filing of the information, but from the issuance of the warrant which is served. *The information need not allege the facts relied on to avoid the bar, but the court will look into the prior proceedings and from them ascertain the point at which the running of the statute was arrested.* (See *The State v. Waterman,* 75 Kan. 253, 88 Pac. 1074, and cases cited in the opinion.)" (Emphasis supplied.)

For other decisions of like import see *The State v. Bowman,* 106 Kan. 430, 188 Pac. 242, and *State v. Woolworth,* 148 Kan. 180, 81 P. 2d 43.

Without more we are inclined to regard the decisions just mentioned as ample authority for a conclusion the information now under consideration was defective. Nevertheless, it is interesting, and further supports our conclusion, to note that both before and after the enactment of our code of criminal procedure, which we pause to point out was first adopted into our laws from the laws of Missouri by the so-called bogus legislature of 1855 (See *The State v. Campbell,* 73 Kan. 688, 702, 85 Pac. 784; *The State v. Prather,* 79 Kan. 513, 517, 100 Pac. 57; *The State v. Chaplain,* 101 Kan. 413, 415, 166 Pac. 238), the courts of Missouri have expressed a like view (see *State v. Magrath,* 19 Mo. 678; *Ex parte Sudnor,* 222 Mo.

App. 798, 10 S. W. 2d 63) which, according to all well recognized legal treatises and textbooks as well as the reported decisions, is supported by the great weight of authority (See Kelly's Criminal Law & Procedure, [4th Ed.] 142, 143, § 184; Joyce, Indictments, [2d Ed.] 432, 433, §§ 387, 388; 42 C. J. S., Indictments & Informations, 1204, 1223, §§ 211, 222; 15 Am. Jur., Criminal Law, 38, § 358; 27 Am. Jur., Indictments and Informations, 636, § 74; 99 A. L. R., Anno. 153; American Digest System, Indictment and Information, § 87[4]).

Based on the foregoing authorities we have little difficulty in concluding that in the face of the record the state was required to plead facts constituting legal justification for its failure to commence the involved prosecution within two years from the date of the commission of the offense on which it is based and that hence the information was defective. This conclusion requires consideration of the question whether that pleading was so defective that it could not be amended after the commencement of the trial. The answer to this question is to be found in the statute and in our decisions construing its terms.

G. S. 1949, 62-808, deals with the amendment of informations in criminal cases. So far as here pertinent it provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave. The information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant. . . ."

It would add nothing to our reports and no useful purpose would be served if we were to here engage in a prolonged discussion of the force and effect to be given the provisions of the statute just quoted. It suffices to say questions relating to that subject have been succinctly disposed of and long since determined in our early decisions, to which we adhere (See e. g., *The State v. Chance,* 82 Kan. 388, 391, 392, 108 Pac. 789; *State v. Alder,* 119 Kan. 757, 758, 759, 241 Pac. 119), holding in substance the force to be given its terms is that prior to arraignment and plea the state has an absolute right to amend in any respect, without asking permission, but that on *the trial* no amendment may be made, even by leave of court, except in matter of form.

Appellant suggests its requested amendment should be considered as a request to amend the form of the information, not its substance. Let us see. At page 375 of the comparatively recent case of *State v.*

*Allen,* 163 Kan. 374, 183 P. 2d 458, we quoted and reaffirmed the rule announced in *State v. Bundy,* 71 Kan. 779, 81 Pac. 459, where it is said:

" 'After the trial has begun and jeopardy has attached the defendant has a right to insist that the case shall proceed to a final result, and if he cannot be convicted upon the information as it stands when the trial commences he is ordinarily entitled to an acquittal.' " (p. 782).

Where—as here—the prosecution for the involved offense was not commenced within two years after its commission it must be conceded that appellee could not have been convicted upon the information as it stood when the trial commenced. Therefore adherence to what is said and held in *State v. Allen,* supra, and our other decisions to which we have heretofore referred, compels the conclusion the amendment proposed by the appellant related to matters of substance, not of form, and that under the facts of record the sustaining of its request would have resulted in reversible error. The inescapable result is that its contention the trial court erred in overruling its motion to amend the information cannot be upheld.

In view of what has been heretofore announced we are not inclined to prolong this opinion by a discussion of appellant's claim the trial court should have permitted it to open up its case and adduce evidence tending to show the statute of limitations had been tolled. The short answer to all such contentions is that under the allegations of the information proof of those matters is not admissible. Neither are we disposed to labor contentions respecting the overruling of its motion to authorize the filing of an amended information after the jury had been discharged. Under the circumstances the most that can be said for this motion, and all that we here determine, is that it was a motion addressed to the trial court's discretion and that it has not been made to appear the overruling of it constituted an abuse of that discretion.

The judgment is affirmed.