No. 38,823

STATE OF KANSAS, *Appellant,* v. H. M. CASHMAN, *Appellee.*

(255 P. 2d 660)

Opinion filed April 11, 1953.

*Robert M. Finley,* county attorney, and *Charles Rooney,* of Topeka, were on the brief for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal by the state in a criminal action from orders of the trial court sustaining a motion to quash the information and, on its own motion, striking an amended information from the files.

The defendant has made no appearance. However, an examination of the state's brief makes it appear that the controlling facts are not in dispute and may be stated in summarized fashion.

In April, 1950, a complaint was filed in the county court of Brown county charging the defendant, H. M. Cashman, in five counts, with the unlawful sale or disposal of mortgaged personal property (cattle) on divers dates, namely, March 5, 1949, April 4, 1949, May 19, 1949, and July 14 and 16, 1949, in violation of the provisions of G. S. 1949, 58-318. The defendant was arrested, given a preliminary examination, and in due course bound over for trial by the district court on the charges which had been made against him. Subsequently, and on October 12, 1950, an information, charging him in the language of the complaint with commission of the offenses for which he had been committted for trial, was filed in the

district court. Thereafter, on his application, the cause was continued at succeeding terms of court until the May, 1952, term of the district court of Brown county.

On May 8, 1952, the defendant moved to quash the information for the reason it failed to state a public offense, the principal ground relied on being that no count thereof contained an allegation that defendant was the mortgagor, nor that the mortgage held by the mortgagee was a valid and subsisting lien on the animal or animals therein described on the date of their sale or disposal.

On May 9, 1952, obviously because of the action taken by defendant on the preceding day, counsel for the state, prior to the former's arraignment and before he entered any plea, filed an amended information which was identical with the original excepting that each count thereof included an allegation to the effect that defendant was the mortgagor of the property in question and that on the date of its alleged sale or disposal the First National Bank of Wetmore, Kan., had a valid and subsisting lien thereon.

After being advised of the filing of the amended information the court directed the attorney for the defendant to proceed with argument on the motion to quash the original information. The state objected to this action for the reason any decision with respect thereto would involve a moot question because of the filing of its amended pleading. Notwithstanding this objection the court proceeded with the hearing on such motion and ultimately held that it should be sustained. After this ruling certain proceedings were had in connection with the amended information which had best be described in the language of the court's own journal entry. They read:

"Thereupon, the court stated that an amended information had been filed in the above entitled cause under date of May 9, 1951, at 11:55 o'clock A. M., and that said amended information, by the court's own motion, without the defendant having filed any pleadings thereto, should be ordered stricken from the file for the reason that allowing same to stand would be equivalent to filing a new information on charges against which the statute of limitation has run and that since no public offense was charged in the first information, the State of Kansas is not now capable of amending the information and reviving the action against the defendant by filing an amended information."

Following the foregoing rulings the state gave notice of appeal and now, under proper specifications of error, charges the trial court erred in quashing the original information and in striking the amended information from the files on its own motion.

Apparently recognizing our decisions (see *State v. Ferron,* 122

Kan. 845, 253 Pac. 402) hold that in a prosecution instituted under the provisions of 58-318, *supra,* an information charging the unlawful sale or disposal of mortgaged property is fatally defective if it fails to allege the mortgage held by the mortgagee was a valid and subsisting lien on the property the appellant does not seriously contend its original information was sufficient to withstand the attack made against it by the motion to quash. Instead, it bases its claim such motion was erroneously sustained on the premise all questions with respect thereto became moot upon the filing of its amended information. Conceding, that after the filing of an amended information in a criminal action, there may be situations in which a ruling on a motion to quash the original information is neither necessary nor required we find nothing in the statute prohibiting or precluding a trial court from ruling thereon if, for purposes of completing the record or some reason deemed sufficient to warrant that action, it sees fit to do so. What has just been said is enough to dispose of this claim of error. Even so there is another sound ground for rejecting it. On appeal this court is directed (G. S. 1949, 62-1718) to disregard technical errors or defects which do not prejudice or affect the substantial rights of the parties. In the instant case appellant's rights must stand or fall on the status of its amended information. In that situation appellant's substantial rights were neither prejudiced nor affected by the ruling on the motion to quash. The result is that even if such ruling had been improper we would be obliged to disregard it in reaching a decision as to the rights of the parties.

Appellant's claim the trial court erred in striking the amended information on its own motion presents a far more serious question. In approaching a decision on this point it must be kept in mind the facts and proceedings of record disclose appellee was arrested, given a preliminary examination, and held for trial in district court on charges of having unlawfully sold or disposed of the mortgaged property in question in violation of 58-318, *supra;* that the warrant was issued and he was arrested within two years from the date on which the offenses charged against him were alleged to have been committed; that in the district court he was charged by an information, conceded for our purposes to have been defective, which contained language identical with that to be found in the complaint on which the warrant for his arrest was issued; that the amended information, filed before formal arraignment or entry of a plea in district court, in no sense changed the nature or identity of the

offenses appellee was charged with having committed at the time the prosecution was commenced; and that the trial court without even examining or passing on the sufficiency of the allegations of the amended information struck that pleading from the files on the ground, that because the original information was fatally defective and the amended information had not been filed until more than two years after commission of the offenses charged, the prosecution was barred by the statute of limitations (G. S. 1949, 62-503), providing that "In all other cases, prosecutions for an offense must be commenced within two years after its commission."

At the outset it may be stated the established rule in this jurisdiction is that a prosecution is deemed commenced so as to toll the statute of limitations upon the filing of a verified complaint and the issuance of a warrant in good faith. Otherwise stated, the commencement of a criminal proceeding does not date from the filing of an information but from the issuance of the warrant. (*The State v. Smith*, 72 Kan. 244, 83 Pac. 832; *The State v. Waterman*, 75 Kan. 253, 88 Pac. 1074; *The State v. White*, 76 Kan. 654, 92 Pac. 829; *The State v. Bowman*, 106 Kan. 430, 188 Pac. 242; *State v. Woolworth*, 148 Kan. 180, 81 P. 2d 43; *State v. Schonenberger*, 173 Kan. 665, 668, 250 P. 2d 777). In the case at bar the warrant was issued and served within two years from the date of the commission of the alleged offenses. Therefore the action must be deemed to have been commenced within the period of time permitted by the statute (G. S. 62-503, *supra*.).

From what has been heretofore stated it is apparent the trial court's theory in striking the amended petition from the file was based upon the premise no public offense had been stated in the pleadings filed prior to the date of the filing of the amended information. That, as we have seen, is not the test to be applied in determining whether "prosecutions for an offense" have been commenced within the meaning of that phrase as used in the statute. But that is not the only reason for holding the trial court's action in striking the amended information from the files on the theory mentioned was erroneous.

G. S. 1949, 62-505, provides:

"Where any indictment or information shall be quashed, set aside, or judgment reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense."

The section of the statute above quoted has long been the law of this state. In construing it this court has held that its language

means exactly what it says and must be given full force and effect. In *The State v. Child,* 44 Kan. 420, 24 Pac. 952, we held:

"Where a prosecution fails, on account of a defective indictment or information, the time during which it is pending is not to be computed as a part of the time limited for prosecution, and the accused, after the *nolle* or dismissal of an indictment or information, may, within the time prescribed, be again proceeded against for the same offense.

"The failure of a defective indictment or information and the presentation of a new and correct indictment or information after the statute has begun to run, does not revive the statute. The statute of limitations is put aside by the presentation and filing of an indictment against a defendant, and remains silent until the legal proceedings thereon are terminated. If a defective indictment is nolled or dismissed, with consent of the court, and an information is filed charging the defendant with the same offense, the information continues the legal proceedings which were commenced by the presentation and filing of the original indictment." (Syl. ¶¶ 2 and 3.)

In *The State v. Ling,* 91 Kan. 647, 138 Pac. 582, we said:

". . . If the first information had been quashed the statute of limitations would still have been tolled during its life, and a new one could have been filed at the time the amendment was made. . . ." (p. 650.)

For other Kansas cases supporting the rule announced in decisions from which we have just quoted see *State v. Woolworth,* supra, and *State v. Schonenberger,* supra.

See, also, *State v. Hansbrough,* 181 Mo. 348, 80 S. W. 900; *The People v. Buckner,* 281 Ill. 340, 117 N. E. 1023; *The People v. Hobbs,* 361 Ill. 469, 198 N. E. 224. These decisions deal with similar statutes and are sound authority for a conclusion that in a prosecution under a second or amended information, prior informations charging the same offense which have been quashed or set aside need not be valid to toll the running of the statute of limitations.

Without unduly laboring the point it may be stated we think our conclusion the trial court erred in striking the amended information from the files on the theory to which we have heretofore referred finds further support in another section of the statute, as well as in our decisions, and are also inclined to agree with appellant that under the confronting facts and circumstances there was no conceivable theory on which the trial court could have stricken the amended information from the files without committing error. We have held repeatedly, in decisions to which we adhere, that the force and effect to be given the provisions of the statute (G. S. 1949, 62-808) relating to the amendment of informations in criminal cases is that prior to arraignment and plea the state has an absolute right to amend in any respect, either in substance or form, without

asking permission of the court, but that on the trial no amendment may be made over the objection of the defendant, even by leave of court, except in matters of form (See *State v. Schonenberger,* supra; *State v. Bundy,* 147 Kan. 4, 75 P. 2d 236; *State v. Parker,* 129 Kan. 175, 281 Pac. 872; *State v. Adler,* 119 Kan. 757, 759, 241 Pac. 119; *The State v. Chance,* 82 Kan. 388, 391, 108 Pac. 789).

The order and judgment striking the amended information from the files is reversed.