THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, FERNANDO GALLARDO DÍAZ, JUDGE, Respondent.

No. 2510. Decided November 24, 1961.

*Hiram R. Cancio, Secretary of Justice, Francisco Espinosa, Jr.,
Acting Secretary of Justice, Arturo Estrella, Carlota Capó,*
and *William Fred Santiago, Assistant Secretaries of Justice,* for petitioner.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered de opinion of the Court.

A warrant of arrest was issued on October 23, 1958, against Vicente Santiago "to answer for the charge that on October 30, 1957 he sold *bolipul* material to agent Luis Méndez Romero . . ." That warrant was served three days later. On October 28 he posted bail in the sum of $1,000 required for his discharge.

On the following December 15 the district attorney of Bayamón filed the corresponding information charging the said Vicente Santiago with a violation of § 4 of Act No. 220 of May 15, 1948 (Sess. Laws, p. 738, 33 L.P.R.A. § 1250). The defendant moved for the dismissal of the cause on the ground that more than one year had elapsed between the date of the commission of the wrongful acts and the filing of the information. At the Solicitor General's request, we issued a writ of certiorari to review the order of the Superior Court, Bayamón Part, granting this motion.

Section 79 of the Penal Code, 1937 ed., 33 L.P.R.A. § 233, provides that the prosecution for any misdemeanor must be commenced within one year after its commission.

Even though it did not raise the defense of prescription, we said in *The People* v. *Rivera et al.*, 9 P.R.R. 363 (1905), that the arrest of the defendant or the first step taken by the prosecuting officer towards bringing an offender to justice, whatever it may be, is the beginning of the prosecution in every criminal action. Twenty-three years later, in considering specifically the question raised in connection with a demurrer of prescription, and after studying the difference between our provision and that of California which expressly refers to the filing of the information or complaint, we stated in *People* v. *Capestany et al.*, 37 P.R.R. 547 (1928), that the time for computing the prescription begins to run from the date of the defendant's arrest,[1] or from the date of filing the information, the latter being the formal "first step" in the prosecution of the offense. *People* v. *Báez*, 40 P.R.R. 13, 16 (1929). And in *People* v. *Lugo*, 58 P.R.R. 185 (1941), we made it clear that this term is not interrupted by the arrest or arrests performed for the purpose of another or other informations for the same offense which were dismissed because the trial was not held within the term fixed by the law. *Cf. People* v. *Travieso, Treas.*, 60 P.R.R. 518, 520 (1942); *Rivera* v. *Warden*, 80 P.R.R. 800, 819 (1958), in which we said that for the purposes of the "absolute unqualified" right to have counsel for defense, the criminal prosecution arises with the filing of the information.

■■■■ We have re-examined the question involved in this case and see no reason for disturbing the criterion announced more than half a century ago. The fundamental purpose of the provision fixing a prescriptive period is to inform

---

[1] The headnotes in the *Capestany* case do not express adequately the criterion announced in the opinion, inasmuch as it reads that the time for the prescription *"begins* to run from the date of the warrant." That period begins to run from the commission of the offense, and in the case of offenses of a continuous nature, from the time the commission thereof is at an end. *People* v. *Rodríguez*, 59 P.R.R. 601 (1941).

the defendant in advance of the intention to prosecute him and of the nature of the offense charged, so as not to curtail his opportunity to defend himself before the evidence available to prove his innocence may disappear, or is obliterated by the lapse of time. At present, the filing of an information or complaint as well as the issuance of a warrant of arrest after a finding of probable cause complies with this purpose to delimit the nature of the offense and to identify the defendant properly. We add in passing that when the prescriptive period is interrupted by the issuance of a warrant of arrest, the latter must be diligently executed and that, unless there are special circumstances to prevent it, the lack of execution within a reasonable period may thwart the effects of the interruption.

The prevailing local rule has been sanctioned by the American Law Institute in its draft of the Model Penal Code. See § § 1.07 (5) and (6). An interpretation identical with ours has been adopted in those jurisdictions where a term for computing the commencement of the criminal prosecution is provided. *Thacker* v. *Marshall*, 331 P.2d 488 (Okla. 1958); *State* v. *Cashman*, 255 P.2d 660 (Kan. 1953); *State* v. *Schonenberger*, 250 P.2d 777 (Kan. 1952); *Ex parte Washington*, 223 P.2d 552 (Okla. 1950); *Commonwealth* v. *Teeter*, 60 A.2d 416 (Pa. 1948); *City of Cleveland* v. *Strom*, 67 N.E.2d 353 (Ohio 1946); *McGuire* v. *State*, 292 S.W.2d 190 (Tenn. 1956); *Barrera* v. *State*, 289 S.W.2d 285 (Texas 1956); *People* v. *Still*, 169 N.Y.S.2d 967 (1958). See, also, the cases cited in the annotation in 90 A.L.R. 452 (1934).

It is well to add that this appeal does not raise any question on the defendant's right to a speedy trial and to the 60 and 120-day periods for the filing of the information and the holding of the trial provided by § 448 of the Code of Criminal Procedure, 1935 ed., 34 L.P.R.A. § 1631. See *People* v. *Super. Ct.; Figueroa, Int.*, 81 P.R.R. 445 (1959); *Martínez* v. *Superior Court*, 81 P.R.R. 913 (1960); and,

particularly, *People* v. *Seda*, 82 P.R.R. 695, 701 (1961), in which we ratified that the 60-day period for filing the information begins to run, not from the date of the commission. of the offense, but from the arrest or detention of a person to answer for a public offense, and clarified that this situation is not altered by the provision of the *Bolita* Act that the violator shall be immediately arrested and the case brought before the prosecuting attorney for proper action.

 It appearing that on the date the warrant of arrest was issued by the superior judge against the defendant there had not elapsed one year counted from the date of the commission of the offense, the trial court erred in ordering the dismissal of the action on the ground of prescription. The order entered by the Superior Court, Bayamón Part, on March 9, 1959, will be reversed and the record remanded for further proceedings.