No. 43,990

STATE OF KANSAS, *Appellee*, v. LARRY PAT BILBY and LEONARD LENEER STEWART, *Appellants*.

(400 P. 2d 1015)

Opinion filed April 10, 1965.

*W. C. Jones,* of Olathe, argued the cause and was on the brief for the appellants.

*James A. Wheeler* and *Gerald L. Hougland,* Assistant County Attorneys, argued the cause, and *Hugh H. Kreamer,* County Attorney, and *Robert C. Londerholm,* Attorney General, were with them on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: In this case the defendants were charged with the offense of robbery in the first degree (K. S. A. 21-527). Separate trials were had. Each was convicted as charged, and each has appealed. The appeals have been consolidated.

The questions presented are concerned with whether the prosecutions were barred by the statute of limitations, and with alleged misconduct of counsel for the state during the trial.

As to the first proposition the record shows the following:

On September 30, 1960 a complaint was filed in the magistrate court of Johnson county charging defendants with robbery in the first degree on September 8, 1960. The essence of the charge was that they had forcibly taken money (approximately $360.00) from one Kyser which belonged to Arthur Monteil.

On the same date the complaint was filed a warrant was issued and delivered to the sheriff.

Defendants were not arrested until August, 1963.

On October 23, 1963, both defendants, being represented by their own employed counsel (Mr. W. C. Jones), waived a preliminary examination and were bound over to the district court for trial.

An information was filed (case no. 4644) and on the opening day of the January 1964 term defendants waived arraignment and entered pleas of not guilty.

Upon the state's motion, the information was amended whereby the owner of the money was changed from Arthur Monteil to that of "Louis and Arthur Monteil, Inc."

Defendants moved to quash on the ground they had not had a preliminary examination on the charge in the information, as amended. The trial court ruled that they were entitled to a preliminary examination on the information, as amended. The state then, on March 16, 1964, filed a complaint directly with the clerk of the district court (case no. 4725) and a warrant was issued forthwith. Being required by the court to elect, the state elected to proceed upon the new complaint and warrant in case no. 4725, and the original charge (case no. 4644), which had come up through the magistrate court, was dismissed. The trial court then held a preliminary examination on the complaint and warrant, and defendants were bound over for trial. An information was filed containing the allegation that defendants "have been out of the jurisdiction of the State of Kansas since the commission of said offense until August 26, 1963, and August 8, 1963, respectively."

At the preliminary examination before the trial court on the new complaint and warrant, and also throughout the trial, defendants contended that the prosecutions were barred by the statute of limitations.

The point calls for an examination of several pertinent statutes.

K. S. A. 62-501 provides that prosecutions for treason and murder may be commenced at any time after the commission of the offense.

K. S. A. 62-502 provides that a prosecution for an offense must be commenced within sixty days after its commission where the penalty cannot exceed a fine of ten dollars.

K. S. A. 62-503 reads: "In all other cases, prosecutions for an offense must be commenced within two years after its commission."

K. S. A. 62-504 reads:

"If any person who has committed and offense is absent from the state, or so conceals himself that process cannot be served upon him, or conceals the fact of the crime, the time of absence or concealment is not to be included in computing the period of limitation."

K. S. A. 62-505 reads:

"Where any indictment or information shall be quashed, set aside, or judgment reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense."

Defendants contend that the complaint which was filed directly in the trial court on March 16, 1964, the warrant issued thereon, and the information upon which they were tried in April, 1964, all being filed more than two years after September 8, 1960—the date of the offense—the prosecutions were barred under 62-503, and that the information did not sufficiently allege facts to bring the matter within the exception contained in 62-504. It further is contended the trial court erred in ruling that as a matter of law the prosecutions were not barred, and in refusing an instruction whereby the jury was to decide the point as a question of fact.

The contentions are without merit and cannot be sustained.

The offense was committed on September 8, 1960. A complaint was filed and a warrant was issued on September 30, 1960. The long delay between the issuance of the warrant and the arrest and trial of defendants was occasioned by the fact that in October, 1960, both were convicted of robbery charges in the state of Missouri and were confined in the Missouri penitentiary until released to Kansas authorities in August, 1963, on detainers from Johnson county. In *State v. Woolworth*, 148 Kan. 180, 81 P. 2d 43, (cert. den. 317 U. S. 671, 87 L. Ed. 539, 63 S. Ct. 80) it was held:

"A prosecution is deemed commenced so as to toll the statute of limitations when a complaint has been sworn to and a warrant issued in good faith. The fact that the warrant was not served on defendant where he secreted himself or was out of the state does not prevent the filing of the complaint and the issuing of the warrant from tolling the statute." (Syl. 3)

"The pendency of a complaint, as well as the pendency of an indictment or information, meets the provisions of G. S. 1935, 62-505, so as to toll the statute of limitations." (Syl. 4)

The amendment of the information in the manner heretofore related so as to correctly name the owner of the money taken in the robbery was proper (K. S. A. 62-808), and did not alter the situation. The fact that information was later dismissed also was of no consequence so far as the two-year statute is concerned (62-505 and *State v. Cashman*, 174 Kan. 272, 276, 277, Syl. 3, 4, 5, 255 P. 2d 660, in which the points under consideration are fully discussed). The original warrant having been issued within the two-year period—allegations in the information to toll the statute were unnecessary and may be regarded as surplusage (*Woolworth* case, above, Syl. 2, and *State v. Watkins*, 190 Kan. 446, 447, 375 P. 2d 634). The trial court was correct in ruling that as a matter of

law the prosecutions were not barred, and the requested instruction was properly refused.

It is contended that in the closing argument in the trial of defendant Stewart the assistant county attorney was guilty of misconduct in that he made improper and prejudicial statements to the jury. The remarks were to the effect that "the prosecution would not have been carried on unless the state had felt the defendant was guilty—that the man who did it (the robber) was in the court room—that the state had carried the burden and as a result of its evidence the weight has shifted to the other side of the (counsel) table"—and so forth. In response to defendant's objection the court commented to the effect that "it was argument, and is to be considered by the jury as such."

We have examined the statements in question and, all things considered cannot say that they exceeded or went beyond the limitations of "fair argument." Rules pertaining to such matters are set forth in *State v. Majors*, 182 Kan. 644, 323 P. 2d 917. It has not been established that defendant's rights were in any way prejudicially affected and his contention is held to be without merit. (See generally, *The State v. Hinkley*, 81 Kan. 838, 850, 106 Pac. 1088.)

Evidence of guilt in these cases was overwhelming. We find nothing in the record approaching reversible error. Motions for a new trial were properly overruled. In each case the judgment is affirmed.