THE STATE OF KANSAS v. JOSEPH McCOOL.

1. RECORD; *Numbering Pages; Insufficient Reference.* In a proceeding in error, the plaintiff is required by the rules of the supreme court to number the pages of the petition in error and the record, and is required to file a written or printed brief which must refer specifically to the pages of the record which he desires to have examined. Where error is alleged, and the only reference in the brief to the portion of the record in which it may be found is to "pages 1 to 160 inclusive," *held*, that such reference is not sufficient, and does not require an examination of the error assigned.

2. ———— *Newly-Discovered Evidence.* Newly-discovered evidence which is merely cumulative, and which is not of a material and decisive character, is not sufficient cause to warrant the court in granting a new trial.

3. COUNTY ATTORNEY; *Statement to Jury; New Trial, Refused.* A statement by the county attorney that "the defendant has been guilty of one penitentiary offense, and would commit a greater offense to cover the other up," when it does not appear in what connection the statement was made, nor whether the county attorney had reference to the offense on trial, and which was not objected to, is not sufficient to compel the granting of a new trial.

4. ———— *Reading from Notes.* It is not misconduct for the county attorney, during his closing argument in a criminal trial, to read from the notes of the official reporter of the court, portions of the testimony upon which he desires to comment.

*Appeal from Allen District Court.*

AT the June Term, 1884, the defendant *Joseph McCool* was convicted of assaulting John Beckley with a deadly weapon with intent to kill, and sentenced to the penitentiary for two years. He appeals. The opinion states the facts.

*Knight & Foust,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

JOHNSTON, J. : The appellant stands convicted of assaulting one John Beckley with a deadly weapon with intent to commit manslaughter, and is here asking for a reversal and a new trial. One of the grounds upon which a new trial is asked is, that the court below erred in its rulings upon the trial in the admission and exclusion of testimony. This ground cannot, however, be much relied upon by counsel for appellant, as they have not called our attention to the pages of the record where the objectionable testimony and rulings of the court may be found, except by a reference to "pages 1 to 160 inclusive," which constitutes the entire record of the testimony in the case. The reference is insufficient. It is required by the published rules of the court, "The briefs must refer specifically to the page of the record which counsel desire to have examined." Although this was not done, we have taken the pains to read the record of the testimony, but we discover no error in the rulings of the court thereon prejudicial to the interests of the defendant, or that requires a reversal.

1. Record — insufficient reference.

Another ground relied upon for a new trial is that of newly-discovered evidence not known to the defendant at the time of the trial. The theory and claim of the prosecution was, that the appellant, his brother John McCool, and John Beckley, met at Fort Scott and traveled westwardly in a box car attached to a freight train over the St. Louis, Fort Scott & Wichita Railroad. Iola was the destination of the appellant and his brother, near to which place they lived, while the destination of Beckley was Wichita. Beckley's trunk, containing some of his wearing apparel, was by permission carried upon the freight train, but he, fearing that it might not reach Wichita safely, concluded to ship it by express, and when they

reached Iola he applied at the ticket office to do so, when he was told that the express office was up town and some distance away from the station. He then arranged with the appellant and his brother to take the trunk to the express office and send it to Wichita, for which service he paid them, when he proceeded upon his journey. Not finding his trunk at Wichita he returned within a few days to Iola, and learned at the express office that the trunk had never been delivered or shipped. He then hired a conveyance and went out in the country where the McCools lived, in search of the trunk, and while there was assaulted and severely beaten with a club by Joseph McCool. The appellant claims that he purchased the trunk from Beckley, at the station at Iola. The newly-discovered evidence relied upon in the motion for a new trial is, that John Miller and W. Wilburn were present at the depot and saw the trunk opened by Beckley and its contents examined by the defendant, and heard the contract of purchase made, and saw the defendant pay Beckley the price of the trunk. The transaction referred to at the station in Iola occurred two or three days prior to the alleged assault, and about which transaction testimony was given upon the trial. It appears, therefore, that the new evidence is of a cumulative character, and also that it has little if any relevancy or materiality to the issues in the case. Newly-discovered evidence which is merely cumulative, and which is not of a material and decisive character, is not sufficient ground to warrant the court in granting a new trial.

2. New evidence, not sufficient for new trial.

Complaint is made of the conduct of the county attorney, who, in addressing the jury, used the following language: "Defendant has been guilty of one penitentiary offense, and would commit a greater offense to cover the other up." We are not informed in what connection the statement was made, nor whether the county attorney had reference to the offense on trial, nor does it appear that any objection was entered by the defendant at the time the statement was made. Cases may be readily supposed where the motive for the commission of an offense is the concealment of a crime already committed;

and where there was proof of such fact, an allusion of the kind complained of would not be improper. As the case is presented to us, we cannot say what gave rise to the remark, but if it was conceded that it was unjustifiable, we still could not hold that such an incidental and unchallenged remark is such misconduct as would require the court to grant a new trial.

*3. County attorney; remark to jury, not cause for new trial.*

Complaint is also made that the county attorney in his closing argument to the jury, read extracts from a paper which he said was a copy of the evidence. In this there was no error. It appears that the paper from which he read was the stenographer's transcript of the evidence, a portion of which was quoted and commented upon by the county attorney as a part of his argument. The right of the prosecutor to state the evidence given in the case will certainly be conceded, and it would seem to make no difference whether it was stated by counsel from recollection, or read from the reporter's abstract, providing it is correctly stated. In most cases it is quite probable that a more exact statement of what the testimony was, will be given from the stenographer's report than from memory; but of the correctness of the statement, and what the testimony actually was, the jury will ultimately determine. In either case it devolves on the court to see to it that the jury are not imposed upon by any misstatement of the evidence given in the case. The interests of the defendant seem to have been carefully guarded in. this respect, as the court, when the objection was made, examined the transcript from which the county attorney read, and found it to be a copy of the evidence.

*4. Reading from notes, not error.*

There are some other objections made by the defendant to the judgment which have been passed over, as they were not deemed sufficiently material to demand any special notice here.

We find no error in the record, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.