Nos. 33,912 and 33,913 (Consolidated)

THE STATE OF KANSAS, *Appellee*, v. CHARLES CARTER and DONALD CAVANAUGH, *Appellants*.

(87 P. 2d 818)

Opinion filed March 4, 1939.

*E. G. Canaday*, of Olathe, for the appellants.

*Jay S. Parker*, attorney general, and *W. C. Jones*, county attorney, for the appellee.

The opinion of the court was delivered by

HOCH, J.: Defendants were convicted and sentenced in district court on a charge of grand larceny. Near the close of the trial counsel for defendants offered in evidence a transcript of testimony given at the preliminary hearing by a witness who, he said, was then outside the state. Upon objection, the offer was refused. Refusal to admit the transcript constitutes defendants' principal assignment of error, and in their brief counsel rely entirely upon it.

Only a brief statement of the facts is needed to define the issue here presented. Defendants, Charles Carter and Donald Cavanaugh, were tried jointly, on agreement of parties and counsel, in

the district court of Johnson county, Kansas, and judgment and sentence upon a verdict of guilty was pronounced on February 28, 1938. Sentence was pronounced upon both defendants under the habitual criminal statute after confession in open court of previous convictions for felony.

Near the close of the trial the following occurred:

"Mr. Guffin: At this time the defendants desire to offer in evidence the testimony of Archie McNeil, taken in the preliminary hearing of the case of the State of Kansas vs. Charles Carter before J. C. Keepers, justice of the peace for the city of Olathe, Johnson county, Kansas, on November 10, 1937, contained in the transcript of said preliminary hearing and appearing upon pages 60 to 68, inclusive, of said transcript. In support of the offer of this transcript of testimony, counsel for the defendants states to the court that the witness, Archie McNeil, is now a resident of the state of Missouri and out of the jurisdiction of this court, and at the time of the preliminary hearing was a resident of the state of Missouri, but voluntarily appeared and testified herein. That the testimony given by Mr. McNeil in the preliminary hearing is relevant, competent and material and of vital interest to the defendants herein.

"Mr. Jones: To which the state of Kansas objects, for the reason that at the time of the preliminary hearing held in this case that one Archie McNeil testified as an alibi witness, and at the time of the preliminary hearing the state of Kansas didn't have notice that said witness would testify as an alibi witness as prescribed by the statute of the state of Kansas. If the defendants were allowed to read the testimony held at the preliminary hearing the state of Kansas would not have the opportunity to offer and present evidence in behalf of the state which would or might impeach and affect the credibility or show the interest and bias or prejudice testimony of said Archie McNeil.

"The Court: I will sustain the objection.

"The Court further states: Let the record show these pages were offered and the objection sustained. That will make your record, will it not?"

The record discloses no further offer, comment or fact relative to the matter, except that during the trial appellants filed a praecipe directing the clerk of the court to issue a subpoena for Archie McNeil, and further directing that it be served at the courthouse on the day of the trial.

It is well established in this state that testimony given in other proceedings, including preliminary hearings, may be admitted in criminal proceedings in certain circumstances and under certain conditions. Such evidence is excluded entirely in some jurisdictions, but the decisions of this court permitting the use of such evidence are in accord with the general rule. But while such testimony may be admitted, our decisions are equally clear that the conditions for admission must be fully met. Proper foundation must be laid. Not

only must the substantive requirements relating to the testimony itself, that it was given under oath, with privilege of cross-examination, etc., be met, but it must be shown to the satisfaction of the court that due diligence has been exercised to secure the presence of the witness. It is obvious that this requirement cannot safely be relaxed. (*State v. McClellan,* 79 Kan. 11, 98 Pac. 209; *State v. Harmon,* 70 Kan. 476, 78 Pac. 805; *State v. Nelson,* 68 Kan. 566, 75 Pac. 505; and *Railroad Co. v. Osborn,* 64 Kan. 187, 67 Pac. 547.) In *State v. McClellan,* supra, the county attorney, as a foundation for the introduction of testimony given at the preliminary examination of the defendant, produced a subpoena which had been issued for the witness and upon which there was a return by the sheriff of *non est.* The trial court permitted the transcript to be introduced, but this court reversed the case, holding that this showing alone was insufficient to establish that the witness was beyond the jurisdiction of the court at the time of the trial and that he could not by the exercise of reasonable diligence be produced as a witness. The court pointed out at some length the sound reasoning on which the requirement for adequate preliminary showing is based.

Did appellants meet the requirement? We do not think so. There was nothing before the court to justify admission of the transcript except the bare statement of counsel that the witness "is now a resident of the state of Missouri and out of the jurisdiction of this court." No proof of any sort in support of the statement was offered. No facts tending to establish his absence from the state were submitted. There is nothing to indicate that any effort had been made to secure the presence of the witness except the praecipe directing that subpoena be served *at the courthouse on the day of the trial.* The praecipe was tantamount to telling the sheriff that he need not look for the witness anywhere else or at any other time.

Counsel for appellants contend that no opportunity to lay a foundation was offered, since the objection to the admission of the testimony was immediately made and immediately sustained. It will be noted that the objection was to the offer of the transcript itself. It is true that in objecting to the offer the county attorney stressed the fact that witness McNeil testified as an alibi witness in the preliminary hearing and that the state did not have notice that he would there testify as an alibi witness. But entirely aside from that objection, the court was entitled to an adequate showing that

due diligence had been used to secure the presence of the witness. Counsel was not relieved from the necessity of making such a showing before offering the transcript.

Appellants cite a number of decisions of this court. Those decisions have all been examined. The latest decision cited is *State v. McManis,* 129 Kan. 376, 282 Pac. 588. In that case it was shown that subpoenas and a writ of attachment had been employed in an effort to secure the attendance of the witness. In *State v. Williams,* 128 Kan. 726, 280 Pac. 777, the court admitted the transcript after "it satisfactorily appeared" to the court that the witness was outside the state. In the case of *State v. Chadwell,* 94 Kan. 302, 146 Pac. 420, appellants claimed error in admitting testimony offered at the preliminary examination on the ground that no sufficient foundation had been laid for the introduction of such evidence. The court recited at some length the efforts that had been made to secure the presence of the witness and held that the transcript was properly admitted. Neither the Chadwell case nor the other cases cited by appellants give support to their position here. The question here is not whether testimony of an absent witness given in other proceedings may be received, but whether the proper showing had been made to justify its admission.

The state further contends that the proffered testimony was merely cumulative, and that even assuming that the court erred in refusing to admit it, the error was harmless and furnishes no ground for reversal. The record shows that the principal defense offered was to the effect that the defendants were elsewhere throughout the night when the offenses charged against them were committed. Eight witnesses were used to establish such absence from the scene of the crime. Defendants deny that the proffered testimony would have been merely cumulative. It is also urged by the state that the proffered testimony was not in compliance with the so-called alibi statute (G. S. 1935, 62-1341); that no notice of intention to use McNeil at the preliminary hearing as an alibi witness was made, and that to allow the introduction of the transcript at the trial in district court with no opportunity to cross-examine him would contravene the provisions of the alibi statute and nullify its intent. In view of the opinion heretofore stated concerning failure to lay an adequate foundation for admission of the proffered testimony, it is not necessary to pass upon the other contentions.

The judgment of the trial court is affirmed.