No. 40,621

STATE OF KANSAS, *Appellee,* v. CRUZ CASANOVA, *Appellant.*

(312 P. 2d 209)

Opinion filed June 8, 1957.

*Russell Shultz,* of Wichita, argued the cause, and *Orval L. Fisher,* of Wichita, was with him on the briefs for the appellant.

*Warner Moore,* County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, *Paul E. Wilson,* Assistant Attorney General, and *C. B. Moy, Jr.,* Deputy County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The defendant, Cruz Casanova, was charged with the crime (G. S. 1949, 21-431) of assault with a deadly weapon with intent to kill. He appeals from his conviction of the lesser offense (G. S. 1949, 21-435) of endangering the life of another under conditions and circumstances which would have constituted murder or manslaughter if death had ensued.

The appellate issues involved are of such nature that, except for those essential to a proper understanding of what the case is about, the pictorial facts are of little consequence and can be briefly summarized.

Late in the evening ·on February 15, 1956, the defendant and Max Harlow Ashlock, who had been drinking beer in a Wichita tavern and were not acquainted, became mutually involved, for no apparent reason, in a typical barroom brawl. The affray ended when the defendant deliberately broke a beer glass on a marble machine and while using it as a weapon stabbed Ashlock on the left side of his throat inflicting a severe wound which required his hospitalization. Ashlock's version of the affair, corroborated by witnesses who were present, was that after the altercation had apparently ceased the defendant attacked him with the weapon in question and inflicted the injury above mentioned. Defendant's version was that there was but one affray and that at a time when it was still in progress, and while he had the broken beer glass in his hand, he and Ashlock simply came together with the result the latter received a cut on the left side of his neck. In any event, after the final incident, the defendant fled the tavern and the victim was taken to the hospital.

Subsequently defendant ·was arrested and tried on the charge previously indicated. At the close of such trial the cause was submitted to the jury which, with evidence before it as heretofore related, refused to find defendant guilty of the crime of assault with a deadly weapon with intent to kill but did return a verdict finding him guilty, under the provisions of G. S. 1949, 21-435, of the crime of endangering the life of Ashlock under conditions and circumstances which would have constituted murder or manslaughter if death had ensued from the injury inflicted. Following the return of the verdict defendant's motion for a new trial was overruled. Thereafter judgment was rendered on the verdict and defendant was sentenced to the Kansas State Penitentiary for the period of time prescribed by the provisions of 21-435, *supra*. Thereupon the instant appeal, limited to alleged trial errors by the specifications of error filed in this court, was perfected.

We now turn to questions raised by appellant in support of his position the court erred in refusing to grant him a new trial.

In closing its case, after having produced several witnesses, including Ashlock, whose evidence disclosed facts as heretofore related the appellee offered, and ·over the objection of the appellant the .trial court admitted, a transcript made at the preliminary examination of appellant, of the testimony given by one W. R. Walters, a ·doctor who treated the victim after he had been taken

to the hospital. Recognizing that there are many situations where the testimony of a witness given at a preliminary examination may be properly admitted (See *State v. Bonskowski*, 180 Kan. 726, 728, 308 P. 2d 168) appellant now contends, as he did in the court below, the introduction of the evidence in question was erroneous because no proper foundation had been laid for its admission by the State. In support of his position he directs our attention to the fact the court admitted such evidence upon a showing limited to the return of a subpoena *non est* and a simple statement, made by the county attorney in open court, to the effect the State had made a diligent effort to locate such witness, had been unable to find him within the State of Kansas, and had been informed he was then somewhere in Cleveland, Ohio.

Mindful that statements of counsel are not to be considered as evidence and that our decisions (See, e. g., *State v. Carter*, 149 Kan. 295, 297, 87 P. 2d 818) contemplate that a proper foundation for the introduction of testimony of the character now under consideration must be on the basis of testimony under oath, we are inclined to the view the trial court's action, in admitting this testimony without first requiring the county attorney, or other witnesses, to testify under oath with respect to the facts relied on as the foundation for its introduction was improper. Even so it does not follow, as appellant insists, that its admission without proper foundation resulted in reversible error or requires the granting of a new trial.

The testimony of the absent witness dealt solely with the extent and seriousness of the wound received by Ashlock and was neither necessary nor required in order to sustain the conviction. Long ago, in construing this very same statute, we held that under its terms the offense is complete if any person shall be maimed, wounded or disfigured or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter if death had ensued (*The State v. Gentry*, 86 Kan. 534, 536, 121 Pac. 352). Prior witnesses of the appellee had already testified to everything necessary to establish all the essential elements of the offense. Under the related circumstances we fail to see where the trial court's action prejudiced or even affected the substantial rights of the appellant. Therefore, since our statute (G. S. 1949, 62-1718) directs us to disregard all

such errors we would not be warranted in holding that the admission of this testimony entitled appellant to a new trial.

We are not required to prolong consideration of appellant's complaint the trial court erred in giving an instruction on intoxication when that question was not involved in the case. The record makes it clear intoxication was involved and with the record so construed no complaint is made of the instruction given. Of a certainty in the face of a charge, under the provisions of 21-431, *supra*, to the effect appellant had purposely and with malice aforethought cut and stabbed Ashlock with a broken beer glass with the intent to kill him, it cannot be successfully argued that any prejudice resulted from this instruction.

Complaint is next made of the following Instruction:

"You are further instructed that the Court has admitted evidence of a previous conviction. The defendant was convicted of fourth degree manslaughter in a previous case. In this connection you are instructed that this evidence is admitted only for the purpose to show guilty knowledge, motive, plan or system of operation, or inclinations and tendencies of the defendant, and does in no wise prove the guilt or innocence of the defendant in this action."

The foregoing instruction was given by the trial court because on cross-examination of the appellant he had admitted commission of a similar offense and that the weapon used by him on that occasion was a broken edge. The gist of this complaint seems to be the use of the phrase "or inclinations and tendencies of the defendant," as found in the quoted instruction. In this connection it is urged that no where in our decisions is there a case recognizing that evidence of a former crime is admissible to show either inclinations or tendencies of the defendant. We do not agree. As recently as *State v. Peasley,* 179 Kan. 314, 316, 295 P. 2d 627, we held that evidence of prior offenses was admissible to show a predilection toward the sort of crime with which a defendant was charged, to show a tendency along that line, and not for the purpose of proving the defendant's guilt or innocence of the crime in question. Nothing would be gained by here laboring additional arguments advanced by appellant on this point. If further decisions supporting the conclusion just announced are desired they may be found in the opinion at page 260 and at page 264 of the dissenting opinion of former Justice Wedell in *State v. Owen,* 162 Kan. 255, 176 P. 2d 564.

Next it is urged the trial court erred in its Instruction No. 32

wherein, in outlining the forms of verdict submitted, it made reference to the form of verdict to be returned by the jury if it found appellant guilty under the provisions of 21-435, *supra,* before making reference to the form of verdict to be returned if it found him guilty under the provisions of 21-431, *supra.* This in our opinion, contrary to appellant's position, was a circumstance which reacted in appellant's favor rather than against him. Hence, without approving the practice, we hold that under the existing facts and circumstances the action of the trial court in this respect constituted a technical error which, under statutory mandate (G. S. 1949, 62-1718) and our decisions (See Hatcher's Kansas Digest [Rev. Ed.], Criminal Law § 439; West's Kansas Digest, Criminal Law, § 1186 [4]), must be disregarded.

Having heretofore considered all salient questions raised by appellant and finding nothing in them or in arguments advanced in their support which warrants the granting of a new trial the judgment must be and it is hereby affirmed.

It is so ordered.