43,002

STATE OF KANSAS, *Appellee*, v. KIRBY WATKINS, *Appellant*.

(375 P. 2d 634)

Opinion filed November 3, 1962.

*Kirby Watkins*, appellant, was on the brief *pro se*.

*Donald C. Vosburgh*, County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, and *Robert E. Hoffman*, Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a judgment of conviction and sentence wherein the appellant was charged with writing a no-funds check in the amount of $24.48. Sentence was imposed pursuant to the habitual criminal statute (G. S. 1949, 21-107a) upon a finding by the trial court that the appellant had two previous felony convictions.

Ten specifications of trial error are set forth by the appellant, most of which are not sufficiently specific to point out the exact nature of the alleged error committed by the trial court. Such general specifications are insufficient to invoke appellate review. (*State v. McCool*, 34 Kan. 613, 9 Pac. 618; *Fagerberg v. Johnson*, 48 Kan. 434, 29 Pac. 684; *Garden City v. Heller*, 61 Kan. 767, 60 Pac. 1060; and *State v. Herschberger*, 160 Kan. 514, 163 P. 2d 407.)

The complaint in this action was filed on the 14th day of January, 1958, in the justice court of Wilson County, Kansas, but the appellant was not apprehended on the warrant until the 7th day of April, 1961. The record discloses that during the interim period the appellant was confined in the penitentiary in the state of Texas. After arrest the appellant was bound over for trial to the district court where he was tried and found guilty by a jury.

The appellant contends that he is not guilty of the offense for which he has been charged because the evidence was insufficient to show that he committed the offense. This contention is founded

upon the failure of the complaining witness to positively identify the appellant. There was other evidence, however, consisting of the testimony of a handwriting expert, and also the testimony of the wife of the complaining witness, both of whom made positive identification. Under these circumstances the appellant's contention that the evidence is insufficient to identify him with the crime is without merit.

On cross-examination the appellant testified without objection that he had been convicted of giving bogus checks in the state of California and served thirty-seven months at the California Men's Colony, and that he had been convicted of writing insufficient funds checks in 1958 in the state of Texas where he had served three years for such offenses. By such voluntary testimony without objection by the appellant or his counsel, the appellant waived any right to assert error because the sentence was imposed pursuant to the habitual criminal act. (21-107a, *supra;* see *Oyler v. Boles,* 368 U. S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501; and *Browning v. Hand,* 284 F. 2d 346.)

The long delay between the issuance of a warrant for the appellant's arrest and his trial was occasioned by the appellant's absence from the state and confinement in the penitentiary in the state of Texas. Under the provisions of G. S. 1949, 62-504, the appellant's time of absence from the state is not to be included in computing the period of limitation specified in G. S. 1949, 62-503. (*State v. Hill,* 145 Kan. 19, 64 P. 2d 71.) The appellant is therefore in no position to assert the statute of limitations.

Where the entire record in a criminal case shows that a prosecution was commenced within the time provided in 62-503, *supra,* it is not necessary for the information to contain allegations to toll the statute. (*State v. Woolworth,* 148 Kan. 180, 81 P. 2d 43.)

The appellant contends the trial court erred in giving instruction No. 6 which told the jury the purpose for which evidence of prior convictions was admissible. Although raised on the motion for a new trial and specified as error, the record as abstracted does not disclose that any objection was made by counsel for the appellant to the instruction before it was submitted to the jury. Furthermore, other instructions given by the court have not been abstracted to show the full context of the instructions given. Under these circumstances the instruction is not subject to review on appeal.

On the date the appellant committed the offense for which he

was charged, the giving of a no-funds check in the amount of $24.48 was a felony under the provisions of G. S. 1949, 21-555. Subsequent thereto in 1959 the giving of a no-funds check in such amount was made a misdemeanor. (L. 1959, Ch. 161.) The appellant contends the offense for which he was tried is a misdemeanor because the statute had been amended prior to the date of his trial. The material statute for purposes of such determination is the statute in force on the date the offense is committed, and the appellant's contention is without merit.

The record presented to this court for review has been carefully examined, and the appellant has failed to make it affirmatively appear that any error has been committed to the prejudice of his rights.

The judgment of the lower court is affirmed.