No. 45,319

STATE OF KANSAS, *Appellee*, v. THOMAS KELLY, *Appellant*.

(454 P. 2d 501)

Opinion filed May 17, 1969.

*Paul V. Dugan*, of Wichita, argued the cause and was on the brief for the appellant.

*Richard K. Hollingsworth*, assistant county attorney, argued the cause, and *Kent Frizzell*, attorney general, *Keith Sanborn*, county attorney, and *A. J. Focht*, deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Thomas Kelly appeals from his conviction and sentence for robbery in the first degree following jury trial.

Appellant Kelly was charged and tried jointly with one Virgil

Jenkins for the commission of this offense. The latter's conviction is dealt with in *State v. Jenkins*, 203 Kan. 354, 454 P. 2d 496.

Appellant Kelly presents two questions for our determination. First, he contends evidence obtained through an illegal search and seizure was admitted against him over his objection.

The testimony reveals the following background: At about 2:40 a. m., July 26, 1967, two Negro men aroused the night clerk of a motel located at 1230 North Broadway in Wichita and by use of a sawed-off shotgun compelled him to admit them to the motel. They informed him a third man was standing outside with a shotgun. They demanded money. One of the men slapped the clerk, knocking off his glasses, without which he could see very little. The men took money from the cash drawer as well as a quantity of coins from a box under the counter. The men were in the motel about ten or fifteen minutes. As they were leaving the clerk thought he glimpsed a third person outside but he saw no car. Prior to the time his glasses were knocked off the clerk noticed that one of the two men inside the motel was wearing a yellow shirt and a yellow straw hat and the other a black shirt and a black hat. Immediately after the robbers left, the clerk telephoned the Wichita police, informing the dispatcher of the robbery and describing the shirts and hats of the two robbers. A police radio call about the robbery was broadcast at 3:02 a. m. Police officer Anderson heard the call as he was cruising along Kellogg Avenue. He understood the two robbers were two colored males in a 1966 Chevrolet, one wearing a yellow shirt and a yellow straw hat and the other a black shirt and hat. Officer Anderson noticed a 1965 metallic green Mustang automobile going east on Kellogg Avenue containing three Negro males. He observed the occupants while the car was stopped at a traffic light at Kellogg and Hillside streets. The driver was wearing a black hat. A passenger in the front seat was wearing a yellow shirt and the passenger in the rear seat was wearing a black shirt. The driver was later identified as a Mr. Burney Henderson Smith (he also was charged with the robbery). The person in the front seat was shown to be Virgil Jenkins and the one in the rear was identified as appellant Kelly. At 3:05 a. m. officer Anderson stopped the Mustang near Kellogg and Bluff by using his red light. He asked the driver for his driver's license and auto registration, stating there had been an armed robbery and that the passenger on the right front seat "kind of fit the descrip-

tion." He then asked the passenger in the front seat (Jenkins) to step outside the car and to produce identification papers, which request was complied with. The officer also asked the passenger in the rear seat (appellant) for identification, which was given. As Jenkins got back into the auto Anderson noticed a yellow straw hat tucked under the right front seat. Anderson told the occupants of the automobile they could not leave. He went back to his patrol car and by radio requested help. Another policeman, officer Norman, arrived at the scene. Norman asked the three if it would be all right to search them "for our own protection" and was told it would be all right. Officer Norman started searching them and found a quantity of money in the pockets of one of the men. Norman then "placed them under arrest for armed robbery." Another officer searched Jenkins and found in his pockets a large quantity of coins. Some currency was found in appellant's pockets. Officer Norman opened the left front door of the automobile. Between the door and the driver's seat there was a sawed-off shotgun. On the rear floor of the car another sawed-off shotgun, covered with a shirt, was found. Approximately ninety-three dollars in currency was found in a crack in the rear seat of the automobile. In the yellow straw hat under the front seat there was one roll each of quarters, dimes, nickels and pennies.

The items found in the automobile and on the persons of the three occupants were testified to and received as exhibits and constitute the challenged evidence. At this point it may be noted appellant does not question the sufficiency of the evidence; hence it has not been fully abstracted. The record does indicate certain of the items were highly incriminating, not only the sawed-off shotguns, but rolls of coins whose wrappers contained handwriting of the owner of the motel and were thus shown to be taken in the robbery. Their crucial nature stems from the inability of the motel clerk to make positive identification of the robbers.

Appellant relies on our state and federal constitutional guarantees against unreasonable searches and seizures and the now familiar exclusionary rules barring evidence obtained in violation thereof. He recognizes the rule a search without a warrant is, within limits, constitutionally permissible if incident to a lawful arrest; that an arrest without a warrant, to support an incidental search, may be made upon probable cause, and probable cause exists if the facts and circumstances known to the officer justify a prudent man's

believing that at or before the time of arrest the person to be arrested has committed a felony. It is also true that when a lawful arrest is made of a person who is the driver or in control of an automobile, the interior of the automobile may be searched incident thereto. Whatever is found in the automobile, or upon such person or in his control that is unlawful for him to have and which may be used to prove the offense, may be seized and used as evidence in the prosecution (*State v. Brown*, 198 Kan. 473, 426 P. 2d 129). Where probable cause for their arrest exists, the foregoing applies as well to occupants of the automobile.

Appellant contends there was no arrest until after officer Norman reached into their pockets in an intensive search and discovered the incriminating coins. He states, and correctly, that an arrest, otherwise unlawful, may not be justified by what the subsequent search discloses. He argues there was no ground for a legal arrest prior to officer Norman's search. Specifically he says officer Anderson knew of no facts or circumstances to give him probable cause to arrest appellant. We cannot agree with appellant's interpretation of the evidence.

The victim of the robbery had promptly reported it to the police. Officer Anderson was alerted to its commission, its time and place, and a partial description of the two robbers. Almost immediately thereafter he noted a vehicle bearing three men, two of whom fitted the description of the robbers, two colored males, one wearing a yellow shirt and the other a black shirt. The third, of whom he had not been notified, was driving the vehicle. It is well known to police that a vehicle is frequently used to make a fast getaway from the scene of a robbery with a driver (wheelman) remaining in or near the vehicle during commission of the robbery. The place where officer Anderson spotted the vehicle was about three and one-half or four miles from the scene of the holdup, with the vehicle moving in a direction away from the scene, at an early morning hour. His information as to the place and time of the holdup was consistent with the presence of robbers where he spotted them. Singly, none of these circumstances could amount to much— together, we think they were sufficient to justify officer Anderson at the time he stopped the automobile in believing the occupants had committed the robbery at the motel. We regard as inconsequential any discrepancy in the description of an automobile. Officer Anderson stopped the vehicle under a show of authority,

in which action he was fully warranted. Although not necessary to justify his stopping of the vehicle he did in the course of his initial investigation see the yellow hat inside the vehicle. Obviously, the hat was visible from outside the car. Officer Anderson told the occupants they could not leave. All this occurred prior to the later intensive search by officer Norman, who came in response to Anderson's call for assistance, and, for purposes of this case, the arrest was complete prior to Norman's arrival (see *Henry v. United States,* 361 U. S. 98, 4 L. ed. 2d 134, 80 S. Ct. 168; *Terry v. Ohio,* 392 U. S. 1, 20 L. ed. 2d 889, 88 S. Ct. 1868; *State v. Brown,* supra). We think it of no controlling significance that it was officer Norman who made the first formal pronouncement of arrest and that a full physical custody arrest of the three occupants of the car may not have been accomplished until after his arrival. Certainly officer Anderson was justified in the precautionary measures he took in securing assistance in order to deal effectively with three persons who he had good reason to believe were dangerous and armed. This can only be characterized as good police practice under the circumstances then confronting the officer. We conclude the arrest was valid and the search was reasonably incidental thereto. The evidence seized was properly admitted in evidence.

Secondly, appellant complains the court erred in excluding testimony offered by him. Appellant called his codefendant Virgil Jenkins, as his witness to testify as to where Jenkins and appellant were at the time of the motel robbery. The trial court ruled the proffered testimony constituted an alibi and excluded it because statutory notice of alibi had not been given. K. S. A. 62-1341 provides that where an information specifically charges the time and place of an offense, a defendant is required to give the state at least seven days' notice of his intention to introduce evidence establishing an alibi; that in the event the time and place are not specifically stated, the court, on defendant's application, shall direct the county attorney to state the time and place as accurately as possible; after this has been done, the defendant shall give the required notice; and that unless notice has been given, the defendant may not be permitted to offer evidence that he was at some other place at the time of the offense charged. The statute then provides:

". . . In the event the time or place of the offense has not been specifically stated in the complaint, indictment or information, and the court directs it be amended, or a bill of particulars filed, as above provided, and the county

attorney advises the court that he cannot safely do so on the facts as he has been informed concerning them; or if in the progress of the trial the evidence discloses a time or place of the offense other than alleged, but within the period of the statute of limitations applicable to the offense and within the territorial jurisdiction of the court, the action shall not abate or be discontinued for either of those reasons, but defendant may, without having given the notice above mentioned, offer evidence tending to show he was at some other place at the time of the offense."

The information here charges the offense occurred on or about the 26th day of July, 1967. Appellant argues this language does not specifically state the time of the offense so that notice of intention to introduce alibi testimony was obviated. He relies upon *State v. Taylor,* 198 Kan. 290, 424 P. 2d 612. There the information charged the offense was committed "on the _____ day of August, A. D. 1964". The state's evidence disclosed the offense was committed in July, 1964. This court held that inasmuch as the offense was shown to have occurred at a time other than alleged, notice of alibi was not required. That ruling, being based on a difference in dates rather than lack of specificity, is inapplicable here where the date alleged was in accord with the evidence. Appellant made no application to have the time more specifically stated in the information. Moreover, he was afforded a preliminary examination and a hearing on his motion to suppress evidence at both of which the victim testified as to the time of the offense. In *State v. Rider,* 194 Kan. 398, 399 P. 2d 564, it was held:

"Where defendant in a criminal case intends to rely upon an alibi as a defense, compliance with the provisions of K. S. A. 62-1341 with reference to notice is a prerequisite to the admissibility of testimony of the defendant or any other witness as to the alibi." (Syl. ¶ 2.)

We adhere to this rule. The proffered testimony was properly excluded.

The judgment and sentence are affirmed.

APPROVED BY THE COURT.

FONTRON, J., concurs in the result.