No. 45,318

STATE OF KANSAS, *Appellee*, v. VIRGIL JENKINS, *Appellant*.

(454 P. 2d 496)

Opinion filed May 17, 1969.

*Paul V. Dugan,* of Wichita, argued the cause and was on the brief for the appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney, and *A. J. Focht,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of robbery in the first degree.

At approximately 2:40 A. M. on July 26, 1967, two men, one armed with a shotgun, entered the Auto Inn Motel in Wichita, Kansas and robbed the night clerk of $157.00. Immediately following the departure of the robbers, the night clerk telephoned the Wichita police department and informed the department that he had been robbed

by two colored males, one wearing a yellow shirt and a yellow straw hat, the other wearing a black shirt and a black hat.

At approximately 3:00 A. M. of the same day a police officer, having heard a police dispatch, observed three colored males in an automobile. Two of them were dressed as described above except for the straw hat. The three were arrested. Two of the men, Virgil Jenkins, the appellant, and Thomas Kelly, were tried together and convicted of first degree robbery. They have filed separate appeals.

Virgil Jenkins, the appellant here, contends that evidence was used by the state which was the result of illegal search and seizure, and that evidence of an alibi was improperly rejected.

These two issues are fully discussed in the appeal of appellant's co-defendant, *State v. Kelly*, 203 Kan. 360, 454 P. 2d 501. It would serve no useful purpose to reiterate here what was there said. We incorporate herein by reference the opinion in the *Kelly* case and find the contentions to be without merit.

The appellant further complains that the trial court appointed as his defense counsel an attorney who had prosecuted him on a prior occasion.

It appears that when appellant appeared for his preliminary examination he had as retained counsel a former deputy county attorney who had prosecuted him for a similar offense some years before.

This attorney later withdrew from the case, for reasons not material here, and was then appointed by the trial court to represent the appellant at the trial. He appears to have represented appellant with due diligence and ability. This fact is admitted in appellant's brief.

We find nothing wrong with the appointment in the absence of any objection at the time of the trial on the part of counsel or the defendant. It is not unusual for the services of an attorney to be solicited by one whom he has defeated in previous litigation. We find no merit in appellant's suggestion that having once served as deputy county attorney the attorney's loyalty must still be with the state.

The appellant objects to the introduction of evidence of his conviction for robbery in the first degree during 1961.

It is somewhat difficult to identify the exact nature of appellant's objection but he appears to contend that the prosecution should have shown the details of the prior conviction before it became relevant to prove any issue in the case. We cannot agree with the appellant's theory. The fact that the appellant had been convicted of a previous offense of first degree robbery would tend to prove certain elements of the offense charged. K. S. A. 60-455 provides:

"Subject to section 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, . . . such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

The statutory rule of evidence stated above has not materially changed the case law which has developed in Kansas, (*State v. Wright*, 194 Kan. 271, 398 P. 2d 339) although there has been some change in the elements which may be established by evidence of a prior conviction. The general rule is that evidence of a previous crime is relevant to prove the elements set out in the statute if the offenses are similar in nature. It is the similarity of the two offenses that makes the previous conviction relevant.

However, exceptions to this general rule must be recognized both as to the similarity of the offenses and the elements to be proven.

A previous offense may under some circumstances tend to prove some of the elements mentioned in the statute although there is little similarity, and, by the same token, a similar crime may not be relevant as tending to prove all of the elements mentioned in the statute. These are matters that must be left to the sound discretion of the trial court, and the admission of evidence of previous crimes must always be accompanied with proper limiting instructions.

It is not good practice to instruct in the language of the statute unless it is clear that evidence of the previous crime is relevant to prove all of the elements mentioned. If the evidence of a previous crime is not relevant to prove all of the elements mentioned in the statute such elements should be omitted from the instruction.

Appellant objects to the following instruction:

"As to the offense charged the State has introduced in its case in chief certain evidence tending to show that the defendant, Virgil Jenkins, has been previously convicted of an offense 'similar' to the one charged in the Information.

"You are instructed that such evidence of a prior 'similiar' offense was not admitted for the purpose of showing the guilt of the defendant, Virgil Jenkins, but it is competent to show inclination, intent, attitude, tendencies, guilty knowledge, system or mode of operation, malice, and lack of mistake on the part of the defendant, Virgil Jenkins, and it is limited to that purpose."

The basis for appellant's objection to the instruction reads:

"Appellant argues that it was error for the court to give this instruction to the jury without, at the same time, advising the jury the purpose for which the evidence was admitted. As stated previously, the State failed to introduce any evidence concerning the facts of the prior case so it was simply impossible for the jury to determine whether the prior case showed appellant's 'attitude, tendancies, . . . system or mode of operation, malice.' Thus, the jury was left to speculate as to this matter. This the appellant urges, is clearly reversible error."

We find no merit in the contention. As we have previously stated, it was the similarity of the two crimes that made evidence of the previous crime admissible. Contrary to appellant's contention the trial court did instruct the jury as to the purpose for which evidence of the previous crime was admitted. It was for the purpose of establishing the elements of the crime which the instruction listed.

However, we do not wish to be understood as approving all of the language used in the instruction. The statute (K. S. A. 60-455) specifically states the elements of an offense which may be established by evidence of a previous crime. The trial court in its instructions should not attempt to add to the designated elements. The instruction in listing the elements which evidence of a previous crime is competent to establish notes "inclination," "attitude," "tendencies" and "malice." These elements, although some of them were previously permitted to be mentioned (*State v. Casanova*, 181 Kan. 498, 312 P. 2d 209), are not mentioned in the statute and therefore should not be mentioned in the instruction. In *State v. Wright*, 194 Kan. 271, 398 P. 2d 339, we held:

"In a criminal action the rule against the admissibility of evidence of other similar but independent offenses should always be strictly enforced, and to justify any departure therefrom the evidence must come under one or more of the exceptions to the general rule as set forth in the Code of Civil Procedure, Laws 1963, Ch. 303, § 60-455." (Syl. 1.)

Again in *State v. Taylor*, 198 Kan. 290, 424 P. 2d 612, we stated in the syllabus:

"K. S. A. 60-455 defines the purposes for which evidence of similar offenses may be considered, and a trial court should limit its instruction thereon to the purposes set out in the statute and purposes analogous thereto." (Syl. 2.)

Although we do not approve the instruction, we cannot say, when the instruction is considered as a whole, that the rights of the appellant were prejudicially affected. The instruction definitely informed the jury that "evidence of a prior similar offense was not admitted for the purpose of showing the guilt of the defendant."

Evidently the appellant was of the same opinion because no specific objection was made because of the specific purposes set out in the instruction.

The appellant contends that the trial court erred in requiring his defense counsel to testify on behalf of the state at the time of sentencing for the purpose of identifying the appellant and invoking the habitual criminal act.

Although such practice is deplorable, we can only criticize rather than grant relief under the facts and circumstances in this case. There were three prior felonies established where only two were required for the maximum penalty under K. S. A. 21-107a. Also, the felony conviction which appellant's counsel was required to identify was presented in the case in chief and was sufficient evidence to inform the trial court at the time of sentencing. In *State v. Watkins*, 190 Kan. 446, 375 P. 2d 634, we stated:

"On cross-examination the appellant testified without objection that he had been convicted of giving bogus checks in the state of California and served thirty-seven months at the California Men's Colony, and that he had been convicted of writing insufficient funds checks in 1958 in the state of Texas where he had served three years for such offenses. By such voluntary testimony without objection by the appellant or his counsel, the appellant waived any right to assert error because the sentence was imposed pursuant to the habitual criminal act. (21-107a, *supra;* see *Oyler v. Boles,* 368 U. S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501; and *Browning v. Hand,* 284 F. 2d 346.)" (p. 447.)

Although we condemn the practice of requiring an attorney to testify against his client at any stage of the proceedings, the appellant was in no way prejudiced.

The judgment is affirmed.

APPROVED BY THE COURT.

FONTRON, J., dissenting: Although the court's opinion does not so state, the alibi evidence stricken by the court in this case was the testimony of the defendant, himself. In this respect, the issue is not identical to that in *State v. Kelly,* 203 Kan. 360, 454 P. 2d 501.

Although I joined in the opinion handed down in *State v. Rider,* 194 Kan. 398, 399 P. 2d 564, I have entertained serious doubt that

the decision was correct. I am now of the opinion that my view of the alibi statute, K. S. A. 62-1341, was erroneous and that the Rider case should be overturned before it does further harm.

A lack of time precludes lengthy discussion of the reasons underlying my change of mind, permitting me to say, merely, that in my view (1) the legislature never intended the statute to apply to a defendant himself, as is clearly indicated by the requirement that in giving written notice of alibi as a defense, the defendant must set out the *names and addresses of the witnesses* whom he proposes to use in support of his alibi and (2) that if the requirements of the alibi statute be applied to the defendant himself, as is here the case, his right to testify in his own behalf would be gravely and impermissibly restricted, circumscribed and limited.

I am compelled also to disagree with the conclusion reached by the majority concerning the trial court's instruction on similar offenses. Not only does the instruction far transcend the scope of K. S. A. 60-455 in its use of such terms as inclination, attitude and tendencies, but in my opinion it was essentially prejudicial as well, for it clearly intimated, in effect, that the evidence of prior convctions admitted against the defendant was competent to show a disposition on his part to commit crime, this being in stark conflict with the first portion of the statute.

For the reasons briefly set forth, I would reverse this case with directions to grant a new trial.