**Virgil JENKINS, Petitioner-Appellant,**

v.

**Robert ATKINS, Acting Warden, Respondent-Appellee.**

No. 74–1432.

United States Court of Appeals, Tenth Circuit.

Argued March 24, 1975.

Decided April 3, 1975.

Rehearing Denied April 28, 1975.

Jerome B. Falk, Jr., San Francisco, Cal., for petitioner-appellant.

Roger M. Theis, Asst. Atty. Gen., Topeka, Kan., for respondent-appellee.

Before BREITENSTEIN, McWIL-
LIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this habeas corpus proceeding brought pursuant to 28 U.S.C. § 2244, the district court ruled in favor of petitioner on the merits of his claim. Nevertheless, the court postponed the issuance of the writ until such time as the question had been presented to the Supreme Court of Kansas and that court had had an opportunity to grant the writ in the light of the Supreme Court's decision in Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973).

The first question for our determination is whether there had been a valid exhaustion of state remedies and, secondly, if there had been an adequate exhaustion of remedies is it now necessary to resubmit the cause to the Kansas courts to consider the Supreme Court's most recent decision on the subject, namely, that in Wardius v. Oregon, *supra*. We conclude that petitioner fully exhausted his remedies and we conclude also that in view of this it was unnecessary for the petitioner to return to the Kansas courts merely to present the latest decision of the Supreme Court on the subject.

This case goes back to July 26, 1967. On that date petitioner-appellant allegedly robbed a motel in Wichita, Kansas. Subsequently, he was tried, convicted and sentenced to 50 years in prison. The problem arises as a result of the refusal of the Kansas trial court to allow the petitioner to give alibi testimony. He had maintained at trial that when the robbery had been committed he had been in a pool hall in a different part of town. The district attorney objected and succeeded in persuading the court to strike the testimony on the ground that it constituted an alibi and was inadmissible by reason of appellant's having failed to give notice thereof in accordance with § 62–1341 of the Statutes of Kansas.

On appeal the Kansas Supreme Court upheld the trial court's ruling as well as the conviction, State v. Jenkins, 203 Kan. 354, 454 P.2d 496 (1969).

In early 1970, appellant filed a motion to vacate sentence in the District Court of Sedgwick County pursuant to the post-conviction remedy provided by the Kansas Statutes. On April 30, 1970 the motion to vacate sentence was denied and this in turn was affirmed by the Supreme Court of Kansas on March 3, 1973. Jenkins v. State, 211 Kan. 593, 506 P.2d 1111 (1973). Thereupon, on October 16, 1973 a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed in United States District Court for the District of Kansas. The identical point was advanced in that proceeding, namely, the exclusion of the appellant's alibi testimony as being in violation of the Fourteenth Amendment to the Constitution of the United States.

The district court determined (as indicated above) that the Kansas alibi-notice procedure established in K.S.A. § 62–1341 was unconstitutional because of its failure to provide for reciprocal discovery for the defendant. The district court also ruled that the decision was to be applied retrospectively because it involved denial of a right to introduce relevant probative evidence at the trial. Immediate relief was, however, denied in order to bring to the Kansas court's attention the decision in Wardius v. Oregon, *supra* :

> Jenkins is a state prisoner serving a state sentence imposed by a state court. Sensitive respect for the capacity of a coordinate judicial system requires exhaustion of the remedies available in the courts of the state. . . . Until Jenkins has given the state courts an opportunity to pass upon his new constitutional claims he has not exhausted the remedies available to him in those courts.

On the present appeal the State of Kansas does not challenge the federal

trial court's decision on the merits by cross-appeal. In view of that, we do not consider this issue. The state's sole contention here is that appellant did not fully present to the Kansas Supreme Court the reciprocity of discovery issue and that in order to escape having to return to the Kansas court it would have had to have been submitted to the Kansas court in a line and verse manner. We disagree.

Petitioner-appellant's response is that the issue was presented to the Kansas Supreme Court not once but twice; that it was argued first on the appeal of the conviction and, secondly, in the post-conviction proceedings, and in each instance the Supreme Court of Kansas rejected it.

An examination of the record does indeed reveal that the point was argued before and considered by the Supreme Court of Kansas, although admittedly it did not fully come to grips with the merits.

In the statement of points contained in appellant's brief filed in the post-conviction proceedings there was a specific reference to the reciprocal discovery aspect. It was said in the brief that the enforcement of this statute at the trial constituted a denial of due process of law under the "Sixth and Fourteenth Amendments for the District Court to deny Petitioner-Appellant, at his trial on felony charges, the right to offer testimony on his own behalf constituting an alibi which, if believed by the jury, would have required an acquittal, on the ground that Petitioner-Appellant had failed to give the prior notice of an alibi defense required by Kansas Gen.Stats. Ann. § 62–1341."

The brief also cited and presented fully the Supreme Court's decision in Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) which had upheld a statute which had some similarity to that of Kansas. The brief pointed out that the Florida statute granted reciprocal discovery rights to the defendant and that the Supreme Court in deciding *Williams* had expressly reserved judgment as to the constitutionality of a statute requiring notice of intention to use alibi evidence where the state failed to offer reciprocal discovery opportunities to the defendant.

It is perfectly clear, therefore, that the question of the constitutionality of the Kansas statute was presented in some depth to the Kansas Supreme Court, including the particular turning point present in the Supreme Court's decision in Wardius v. Oregon, *supra*, wherein the statute had not offered reciprocal discovery. The Kansas court denied relief without considering the details of the problem and did so merely on the basis that it had previously considered the question at the time of the appeal.

An examination of the Kansas Supreme Court's opinions in connection with the appeal of the instant prosecution and in connection with the post-conviction remedies pursued shows that the Kansas court did consider the question on the occasion of the appeal and on the occasion also of the post-conviction proceedings. On the appeal it noted the contention of the appellant but determined it adversely to him stating that the issue had been referred to in the companion case of Kansas v. Kelly, 203 Kan. 360, 454 P.2d 501 (1969). It incorporated that part of the opinion by reference.

Three years later in the post-conviction remedies the Kansas court again considered the issue and said:

> Appellant claims he was denied the right of due process as guaranteed by the sixth and fourteenth amendments to the United States Constitution when the district court refused to allow him to testify because the testimony constituted an alibi defense and appellant had failed to give prior notice as required by K.S.A. 62–1341. No notice of such defense had been given before the trial.

\* \* \* \* \* \*

In State v. Jenkins, supra, we held that evidence of alibi was properly rejected. This matter having been considered and rejected on direct appeal will not be reconsidered in an appeal from an order denying relief on a motion to vacate sentence under K.S.A. 60–1507. (Carter v. State, 199 Kan. 290, 428 P.2d 758; Basker v. State, 202 Kan. 177, 446 P.2d 780).

The Kansas court added that the validity of a notice of alibi statute had been considered in a previous decision and no constitutional violation had been found. It then said: "In State v. Jenkins, supra (the appeal referred to above) we held that evidence of alibi was properly rejected."

Thus it is clearly evident from an examination of the Kansas court's decisions that the constitutional question was considered and was rejected in both the post-conviction remedy and in the appeal proceedings. In our view, the fact that the court did not deal with the crucial aspect does not undermine or render insufficient the exhaustion of state remedies because the issue was tendered.

Ever since the Supreme Court's decision in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953) it has been recognized that a petitioner need not repetitiously exhaust remedies before applying for federal habeas corpus relief. This was repeated by the Supreme Court in a more recent case, Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). There petitioner applied for habeas corpus relief in the Northern District of New York. The court denied the petition in the belief that petitioner had no federal constitutional right to a free transcript. Petitioner appealed to the Second Circuit, wherein it was determined that he should reapply to the state court in light of the intervening decision of the New York Court of Appeals holding that as an indigent he was entitled to a free transcript. However, the Supreme Court held that this was unnecessary since he had demanded this document previously in the New York courts. The Supreme Court quoted Brown v. Allen, supra, to the effect that only one presentation was required in order to exhaust state court remedies. The Court stated:

The observations made in the Brown case apply here. Petitioner has already thoroughly exhausted his state remedies, as the Court of Appeals recognized. Still more state litigation would be both unnecessarily time-consuming and otherwise burdensome. This is not a case in which there is any substantial state interest in ruling once again on petitioner's case. We can conceive of no reason why the State would wish to burden its judicial calendar with a narrow issue the resolution of which is predetermined by established federal principles.

389 U.S. 40, at 43, 88 S.Ct. 194 at 196.

Here, as in Roberts, the exhaustion requirements are fulfilled. Surely considerations of comity do not compel this cause to be returned to the Kansas courts again. No reason is apparent for processing this case through the Kansas courts another time. To do so would impose an unnecessary and indeed superfluous burden on the Kansas courts, and it would be highly unfair to the accused to further delay the granting of relief in the instant case.

Accordingly, we must reverse that part of the judgment of the district court which ordered resubmission of the cause to the Supreme Court of Kansas. It is therefore ordered that the judgment be reversed with directions to the district court to issue the writ. It should do so with due regard to the right of the Kansas court to retry the petitioner on the robbery charge if it wishes to do so.